JOHN O. TUBERSON, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1.  The defendant pleaded *autre fois acquit*, which was demurred to *oretenus*, and the demurrer sustained: *Held*, that there was no error in sustaining the demurrer, as it was not made to appear that the offence for which the defendant had been tried and acquitted was one and the same offence as that for which he was convicted.

2.  The testimony of an accomplice, uncorroborated, is sufficient to convict upon.

3.  When a jury, after thorough deliberation upon any case, shall return into court without having agreed upon a verdict, the Court may explain to them again the law applicable to the case, and may send them out again for further deliberation; but if they shall return the second time without having agreed on a verdict, they should not be sent out again without their consent, unless they shall ask from the Court some further explanation of the law; but the mere entry upon the motion docket that the Court sent the jury out the third time without their consent, is no evidence of the fact that the jury were so sent out.

4.  When the information sets out the offence with sufficient certainty to notify the defendant fully with the nature of the same, the information will not be quashed as being vague and uncertain, nor will the affidavit to the information be held insufficient when it complies with the oath prescribed by the statute.

Writ of Error to the Circuit Court for Duval County.

The facts of the case are stated in the opinion.

*Pope & Michelson*, for Plaintiff in Error.

*The Attorney-General*, for Defendant in Error.

MITCHELL, J.    The plaintiff in error was tried for gambling in the County Criminal Court of Record of Duval county, on the 2d day of July, 1889, and was convicted and sentenced to the penitentiary for three months, and the case

comes before this Court upon a writ of error to said Court from the order of the Court overruling motion for new trial and arrest of judgment.

The errors assigned are: First. The Court erred in sustaining demurrer *oretenus* to defendant's plea of *autre fois acquit.*

This plea, in substance, is that the defendant, at the same term of the court at which he was tried and convicted upon a charge of gambling, was also tried and acquitted upon a charge of keeping a gambling-house, and the contention is the gambling by the defendant and keeping a gambling-house were one and the same offence. This position is not tenable. The two offences, keeping a gambling-house and gambling, are distinct offences. A man guilty of keeping a gambling-house may not be guilty of gambling, and a man may be guilty of gambling at any place without having any connection with a gambling-house; and in the case at bar it may be that the defendant never kept a gambling-house, and yet was guilty of gambling. The evidence in the case is excluded from our consideration by the defendant's failure to incorporate it in a bill of exceptions, and in the absence of the evidence, the presumption is that the evidence sustains the finding of the jury, for if the verdict was not supported by the evidence there would probably be a bill of exceptions before this Court to show that fact. We find nothing in the record to sustain the contention that the offence for which the defendant was tried and acquitted and the offence for which he was convicted was one and the same transaction, and for this reason can see no error in the Court below sustaining the demurrer to the defendant's said plea.

The second error assigned is: The Court erred in refus-

ing to give the fourth charge as requested by the defendant. This was the charge refused:

" The testimony of an accomplice uncorroborated is not sufficient to convict." There was no error in refusing this charge. Bacon *et al.* vs. State, 22 Fla., 51. But even if the uncorroborated evidence of an accomplice were not sufficient to convict upon, there is absolutely nothing in the record which shows that any accomplice testified in the case.

Third assignment: The Court erred in refusing to discharge the defendant as prayed on account of sending out the jury three times, without their consent, when no further explanation of the law was asked for by them. Under the statute, McClellan's Digest, 448, Section 23, it is provided that: "When a jury, after due and thorough deliberation upon any cause shall return into court without having agreed on a verdict, the Court may explain to them anew the law applicable to the case, and may send them out again for further deliberation; but if they shall return a second time without having agreed on a verdict, they shall not be sent out again without their own consent, unless they shall ask from the Court some further explanation of the law." In the case at bar where is there any evidence that the jury after their thorough deliberation returned into court a first, second, third or any other number of times, and were sent out again without their consent or with it? There is no such evidence in the record, and there was no error in the Court refusing to discharge the defendant as requested by him.

It is true that the defendant entered a motion asking to be discharged upon the ground before stated, but this motion was overruled, and the presumption is, in the absence of all evidence to show what the proceedings in the Court

below were as to said alleged error, that said proceedings were regular and legal. In Burroughs vs. State, 17 Fla., 643, it was held that "all objections, rulings by the Court and exceptions should appear in the body of the bill of exceptions in their proper and appropriate place, and will not be considered if upon separate pieces of paper, filed subsequent to the verdict, or in cases of motions for new trial, or in arrest of judgment after final judgment." This decision is decisive as to the question under consideration in this case. See also McNealy and Roulhac vs. State, 17 Fla., 198.

Fourth assignment: The Court erred in overruling motion for new trial. The grounds of this motion are: 1. The verdict is contrary to the evidence and weight of the evidence; 2. The verdict is contrary to law; 3. The verdict is contrary to the charge of the Court on the affidavit on file. We see no cause for reversal on any of these grounds.

The grounds· of the motion in arrest of judgment are: 1. Because the information is vague, uncertain and defective; 2. Because the affidavit to the information is defective and illegal; 3. Because the law upon which the information is based is unconstitutional and void.

We see no cause for reversal upon any of the grounds of the motion to arrest the judgment. The information was sufficiently definite to put the defendant upon full notice of the offence with which he was charged. The information was not so vague, indistinct and indefinite as to mislead the defendant and to embarrass him in the preparation of his defence, or to expose him after conviction or acquittal to danger of another prosecution for the same offence, and consequently there was no error in the Court refusing to arrest the judgment upon the alleged insufficiency of the information. Green vs. State, 17 Fla.,

669.   The affidavit to the information conforms to the affidavit prescribed by the statute, and is, therefore, sufficient.

The last ground of this motion is not insisted upon, and it may be treated as abandoned.

From all that we can learn from the record, the defendant had a fair and impartial trial, and the judgment of the Court below is affirmed.