BEN DAVIS, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

CRIMINAL LAW— ASSAULT WITH INTENT TO COMMIT FELONY— INDICTMENT— VERDICT.

1. Indictments charging assaults with intent to commit felonies, under the provisions of section 2403, Revised Statutes, should allege specifically *what felony* was *intended* to be committed in making the assault. Where such an indictment charges the felony intended to be committed to have been murder, it is-unnecessary to allege the *degree* of murder so intended to be committed; neither is it necessary in such cases, upon a conviction, that the verdict should specify the *degree* of murder-that it finds the defendant guilty of having intended to commit..

2. Where there is no bill of exceptions bringing to this court the evidence in the cause and other happenings *in pais* at the trial, we can not consider assignments of error predicated upon said matters *in pais*, or upon instructions given or refused, when there is no material proposition in any instruction urged as error that can be said to be erroneous in the abstract, regardless of the facts and circumstances that may have been adduced in proof.

Writ of Error to the Circuit Court for Suwannee county.

The facts in the case are stated in the opinion of the Court.

*F. L. Rees*, for Plaintiff in Error.

*The Attorney-General*, for Defendant in Error.

TAYLOR, J.:

The plaintiff in error, at the Fall term, 1894, of the Circuit Court of Suwannee county, was indicted, tried and convicted of the crime of assault with intent to commit a felony punishable with death, to-wit: with intent to commit the crime of murder, and was sentenced to four years' imprisonment in the penitentiary, and seeks here to reverse such judgment on writ of error.

There are but two assignments of error, as follows: 1st. That the court erred in overruling defendant's motion in arrest of judgment. 2d. That the court erred in overruling defendant's motion for a new trial. The motion in arrest of judgment was upon the grounds: (1) That the indictment does not charge an offense under the law with sufficient certainty to warrant a judgment and sentence; and (2) that the verdict of the jury is not sufficient under the law to warrant a judgment being entered on it.

It is contended here, in maintenance of this assignment, that there is no such crime under our statute as an "assault with intent to murder," and that, therefore, the indictment charged no offense; and that the verdict should have specified what degree of murder was intended to be committed by the assault; and that because it does not so specify, no sentence can be pronounced thereon. The indictment is framed under section 2403 Rev. Stats., that provides as follows: "Whoever commits an assault on another, with intent to commit any felony punishable with death or imprisonment for life, shall be punished by imprisonment in the State prison not exceeding twenty years. An assault with intent to commit any other felony shall be punished to an extent not exceeding one-half the punishment which could have been inflicted had the crime been committed." The language of this statute, though general, is very comprehensive, and includes *all assaults made with intent to commit any felony known to our law* that is perpetrable as the result of an assault on another. If the assault is made *with the intent* to commit *any felony* that is punishable by law with either death or imprisonment for life, then the punishment is confinement in the State prison not to exceed twenty years; and it is necessary that the indictment in such cases, as does the one here, should allege specifically *what felony* was *intended* to be committed in making the assault.

Section 2380 Rev. Stats. subdivides the felony of murder into three degrees, and defines it as follows: "The unlawful killing of a human being, when perpetrated from a premeditated design to effect the death of the person killed or any human being, or when committed in the perpetration of or in the attempt to perpetrate any arson, rape, robbery or burglary, shall be

murder in the first degree, and shall be punishable
with death. When perpetrated by any act imminently
dangerous to another, and evincing a depraved mind
regardless of human life, although without any pre-
meditated design to effect the death of any particular
individual, it shall be murder in the second degree,
and shall be punished by imprisonment in the State
prison for life. When perpetrated without any design
to effect death, by a person engaged in the commission
of any felony, other than arson, rape, robbery or bur-
glary, it shall be murder in the third degree, and shall
be punished by imprisonment in the State prison not
exceeding twenty years." From these definitions of
the crime of murder in the three specified degrees, it
will be observed that in the commission of the crime
of murder in the third degree there can be no *intent*,
as the line of distinction between it and the two other
degrees is the absence of *design* or *intent*. The essence
of the crime with which the defendant was charged is
the *intent* with which the assault is committed. It
follows as a corollary that there can be no such crime
as an assault with *intent* to commit murder in the
*third* degree, because the latter felony exists only
where death has resulted from an act not *intended* to
have that result. The law under which the defendant
was indicted prescribes the *same punishment* for an
assault when it is made with the intent to commit any
felony for which the penalty is either death or impris-
onment for life; therefore, if there can be any such
offense as an assault with intent to commit murder in
the *second* degree, the punishment for such an assault
is the same, under this statute, as it would be if the
assault had been made with intent to commit murder
in the first degree. There is, therefore, no necessity
for any specification either in the indictment or in the

verdict in such cases, of the *degree* of murder that was *intended* to be committed by the assault made, as is contended for under the second phase of this assignment. The indictment charges the offense fully in the language of the statute, and we think that both it and the verdict thereon were entirely sufficient, and there was no error in overruling the motion in arrest of judgment.

The second assignment of error, the refusal of the motion for new trial, we can not consider. The motion is based upon the grounds, that the verdict is contrary to law and the evidence, and because of alleged errors in the exclusion and admission of evidence, and because of alleged improper remarks by the court during the trial, and because of alleged errors in the instructions to the jury. There is no bill of exceptions in the record brought here, from which we can see what facts were put in evidence, or that any of the occurrences took place that are asserted in this motion for new trial, and in the absence of the testimony upon which the instructions complained of were predicated, we can not consider such instructions. Livingston vs. Cooper, 22 Fla., 292, text 296, and cases cited.

We find no error in the record, and the judgment of the Circuit Court is, therefore, affirmed.