HAMILTON GRIFFIN, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1. The discretion of the trial court in permitting three youths aged 13, 14 and 16 years respectively to testify, not interfered with; no abuse being made to appear.

2. When there is but one exception to the refusal to give several charges, the court need examine no further after seeing that one was properly refused.

3. It is proper to refuse to charge as follows: Before the jury can convict of assault with intent to commit murder they must be satisfied from the evidence before them that at the time the shooting took place the defendant had formed a *premeditated design* to effect the death of *A*.

4. The evidence being sufficient to have supported a verdict of murder in the second degree at least, had the assaulted person died, a verdict of assault with intent to murder will not be disturbed.

This case was decided by Division A.

Writ of error to the Criminal Court of Record for Monroe county.

The facts in the case are stated in the opinion of the court.

*Jefferson B. Browne* for plaintiff in error.

*W. H. Ellis,* Attorney-General, for the State.

COCKRELL, J.—Hamilton Griffin was found guilty of an assault with intent to murder and sentenced to a term of five years in State prison.

The assignments of error argued here may be reduced to three heads, *viz*: those based on the competency of three youths as witnesses, the refusal of certain requested instructions and the sufficiency of the evidence to support the verdict.

Three eye witnesses to the shooting were boys aged thirteen, fourteen and sixteen years respectively, and, at the prisoner's request, they were examined by the court as to the pains and penalties of perjury. The intelligence and comprehension of these boys could be determined better by the judge who had them before him than by us and we are not disposed, upon the record before us, to interfere with his discretion in permitting them to testify.

There are several assignments of error based upon the refusal to give charges numbered one to twelve, both inclusive. There was but one single exception to the refusal of these charges, and, under our repeated rulings, we need examine no further after seeing that one of those charges contains incorrect propositions of law. *Lewis v. State*, 42 Fla. 253, 28 South. Rep. 397, and cases cited. The first charge refused was as follows: "Before the jury can convict the defendant of assault with intent to murder they must be satisfied from the evidence before them that at the time the shooting took place, the defendant Hamilton Griffin had formed a premeditated design to effect the death of Rodney Gwynn." Under the decisions of this court in the case of *Davis v. State*, 35 Fla. 614, 17 South. Rep. 565; *Knight v. State*, 42 Fla. 546, 28 South. Rep. 759, and *Pyke v. State*, 47 Fla. 93, 36 South. Rep. 577, this instruction was properly refused. The crime is not an assault with intent to commit murder in the first degree, but an assault with intent to commit murder, and the offense is equally committed whether done with or without a pre-

meditated design to effect the death of a particular individual, there being an intent to take life.

The evidence was sufficient to have supported a verdict of murder in the second degree at least, had the assaulted person died, and under the authorities above quoted, will not be disturbed by us.

The judgment is affirmed.

TAYLOR, C. J., and HOCKER, J., concur.

CARTER and SHACKLEFORD, JJ., concur in the opinion.

WHITFIELD, J., being disqualified, took no part in the decision of this case.