DENNARD WEBB, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

CRIMINAL LAW—MOTIONS TO STRIKE IMPROPER EVIDENCE ELICITED BY PROPER QUESTION.

Where a proper question is propounded to a witness that tends to elicit pertinent and proper testimony, but the witness in reply gives improper and irrelevant answers, the proper practice is a motion to strike such improper and irrelevant evidence, as

an objection to the question propounded does not reach the impropriety of the answer.

This case was decided by Division B.

Writ of Error to the Circuit Court for Madison County.

The facts in the case are stated in the opinion of the court.

*Chas. E. Davis,* for Plaintiff in Error;

*Park Trammell,* Attorney General, for the State.

TAYLOR, J.—The plaintiff in error was indicted and tried for murder in the circuit court of Madison county, and was convicted of manslaughter and seeks a review of his trial here by writ of error.

At the trial Rhoda Mitchell, wife of the deceased and a witness for the State, after testifying that she and the deceased were up before sunrise the Sunday morning of the homicide, and that the deceased had gone down to the river to a fish trap where the homicide occurred, was asked the following question: "Tell the jury why he was down there, and you may tell the jury what you and he were doing that morning, and how came you up so early, and everything like that?" To this question the defendant objected on the ground that the question was too general, and because it did not tend to elicit anything pertinent to the issues. These objections were overruled and such ruling is assigned as error.

We fail to see wherein the question as propounded was open to the objection of being too general, and as an introductory question may have elicited testimony entirely pertinent to the issues. If the answers thereto

were improper the defendant should have moved to have the improper parts of such answers stricken out, which was not done, so that this assignment fails.

During the argument of the prosecuting attorney to the jury the following language was used by him: "If these men were not instigated by the devil, why did they when they left the negro festival, come by the old man's house and shoot into it," to the use of which language the defendant objected upon the ground that there was no evidence in the case to connect the defendants with the shooting into the house of deceased and asked the judge to instruct the jury to disregard such language, but the judge overruled such objection to which exception was taken, and this ruling is assigned as error.

Though very meager there was some testimony in the case which might have justified the argument that the defendants had fired into the house of deceased on their way from a negro festival in the early hours of the morning of the homicide. They were shown to have been at the festival and to have appeared at the river where the homicide was committed at a very early hour, and that they entertained ill will towards the deceased; but besides this the trial judge states in the bill of exceptions that the language of the prosecuting attorney objected to was in reply to the argument of the defendant's attorney which he (the judge) thought was legitimate.

The next and last assignment of error is the overruling of the defendant's motion for new trial on the ground that the verdict was contrary to the evidence. There was evidence in the case sufficient to sustain the verdict, and while there was much conflict in the evidence the jury by their verdict have settled such conflict on the side of the State, and such verdict has been sanctioned by the trial judge, and we discover no reason for disturbing it.

Finding no reversible error the judgment in said cause is hereby affirmed at the cost of Madison county, the plaintiff in error having been adjudged to be insolvent.

HOCKER and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.