BERTHA THOMAS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed January 26, 1917.

1.  Section 3178 of the General Statutes of 1906, providing that "whoever aids in the commission of a felony, or is accessory thereto, before the fact, by counselling, hiring, or otherwise procuring such felony to be committed, shall be punished in the same manner prescribed for the punishment of the principal felon," is in harmony with the common law doctrine that the conviction of one charged with the crime of being an accessory before the fact must be of the same grade of offense as that of which the principal felon is convicted and is in effect declaratory thereof.

2.  There can be an accessory before the fact in the crime of manslaughter.

3.  Section 4007 of the General Statutes of 1906, providing that "In all criminal prosecutions hereafter begun in this State, if the defendant be found guilty of an offence lesser in degree,

but, included within the offence charged in the indictment or information, such verdict shall not be set aside by the court, upon the ground that such verdict is contrary to the evidence, if the evidence produced in such case would have supported a finding, or if such court would have sustained a verdict of guilty of the greater offence," is not applicable upon a motion in arrest of judgment, since such motion will not lie upon the ground that the evidence is not sufficient to support the verdict.

4. A defendant tried under an indictment charging the crime of murder in the first degree may be convicted of the crime of manslaughter, such lower degree of homicide being embraced within the indictment charging the higher degree of murder.

5. Under the provisions of Section 3991 of the General Statutes of 1906, providing that "Whenever any person indicted for a felony shall on trial be acquitted by a verdict of part of the crime charged, and convicted on the residue thereof, such verdict may be received and recorded by the court; and thereupon any person charged shall be adjudged guilty of the crime, if any, which shall appear to the court to be substantially charged by the residue of such indictment or information, and shall be sentenced and punished accordingly," a person charged in an indictment with being an accessory before the fact in the crime of murder in the first degree may be convicted of being an accessory before the fact in the crime of manslaughter, though the principal felon has been convicted of the crime of murder in the first degree.

6. In treating an assignment of error based upon the overruling of a motion for a new trial, an appellate court will consider only such grounds of the motion as are argued before it.

7. An appellate court should not grant a new trial upon the ground of the insufficiency of the evidence to sustain a verdict of guilty affirmed by the trial court if there is some substantial evidence of all the facts legally essential to support the verdict, and the whole evidence is such that the verdict may fairly have been found on it.

8. Where there is evidence from which all the elements of the crime may legally have been found or inferred, and it does

not appear that the jury were not governed by the evidence, the verdict will not be disturbed by the appellate court on the ground of the insufficiency of the evidence.

9. A verdict will not be set aside by an appellate court where the propriety of the verdict depends not upon the lack of evidence, but upon the credibility or weight of conflicting competent testimony.

10. The common law rule has been changed in this State, and belief neither in a Supreme Being nor in Divine punishment is requisite to the competency of a witness.

11. It is the province and duty of the trial court to determine the competency of a witness.

12. The mere fact that a witness states, on cross-examination, that she does not know the consequences nor how she could be punished, if she testifies falsely does not render her incompetent on the ground that she does not understand the nature of an oath, especially when she exhibits as much intelligence on the witness stand as ordinary persons of her class.

13. Pleas in abatement setting up mere irregularities in the selection of jurors should be drawn with the greatest accuracy and precision, and must be certain to every intent. They must leave nothing to be supplied by intendment, and no supposable special answer unobviated. When it affirmatively appears that no possible injury could accrue to a defendant by an irregularity not amounting to a substantial departure from the requiremeents of law in the selection and empanelling of jurors, an objection thereto should not avail.

Writ of Error to Circuit Court for Leon County; E. C. Love, Judge.

Judgment affirmed.

*W. C. Hodges* and *Fred H. Davis,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant for the State.

SHACKLEFORD, J.—An indictment was returned against Robert Hopps and Bertha Thomas, charging the former with the crime of murder in the first degree and the latter with the crime of accessory before the fact. A severance was granted and Robert Hopps was first put upon trial, found guilty of murder in the first degree with a recommendation to the mercy of the court and sentenced to confinement at hard labor in the State prison for the period of his natural life. On the following day after the conclusion of the trial of Robert Hopps, Bertha Thomas was placed on trial, found guilty of being an "accessory before the fact to the commission of manslaughter" and sentenced to confinement at hard labor in the State prison for the period of twenty years. Bertha seeks relief here by a writ of error and has assigned five errors. We shall follow the course pursued by the counsel for the respective parties and discuss the assignments in the order in which they are argued before us.

The first assignment so argued before us is the second, which is that "The court erred in overruling defendant's motion in arrest of judgment," which motion is as follows:

"Now comes, by her attorneys, the defendant, Bertha Thomas, who was indicted for being an accessory before the fact to murder in the first degree, and who was convicted of being an accessory before the fact to manslaughter, and moves the court to arrest judgment in said cause.

"First. Because the verdict of the jury is contrary to the law.

"Second. Because the verdict is contrary to the evidence.

"Third.   Because no sentence could be imposed on the defendant under the circumstances of this case on such a verdict as was returned by the jury."

The only ground of this motion which is argued is the third.   It is earnestly contended that, as the principal, Robert Hopps, had been convicted of the crime of murder in the first degree, Bertha Thomas, who was charged in the same indictment with the crime of being an accessory before the fact, could legally have been convicted only of the particular degree of crime of which her principal had been convicted, which was murder in the first degree. If this contention is well founded, then the motion in arrest of judgment should have been granted, in accordance with the principles announced in Harris v. State, 53 Fla. 37, 43 South. Rep. 311.   It is, therefore, incumbent upon us to determine whether or not the contention is well founded.   It seems to be conceded by the counsel for the State, and, we think, correctly, upon the authority of Ex-parte Bowen, 25 Fla. 214, 6 South. Rep. 65, that Bertha Thomas was not indicted and convicted of substantive felony, as might have been done under Section 3179 of the General Statutes of 1906, which is as follows: "Whoever counsels, hires or otherwise procures a felony to be committed, may be indicted and convicted as an accessory before the fact, either with the principal felon or after his conviction, or may be indicted and convicted of substantive felony, whether the principal has or has not been convicted or is or is not amenable to justice; and in the last mentioned case may be punished in the same manner as if convicted of being an accessory before the fact."   Also see the discussion in Bowen v. State, 25 Fla. 645, 6 South. Rep. 459; Keech v. State, 15 Fla. 591; Montague v. State, 17 Fla. 662.   Having been indicted and tried for the crime of being an accessory before the

fact, it is further contended that the common law principle prevails and that the defendant could have been convicted only of the crime of accessory before the fact to murder in the first degree, of which her principal had been previously convicted and that the verdict finding her guilty of the crime of an "accessory before the fact to the commission of manslaughter" was illegal and unwarranted and that no valid judgment could be entered thereon. A number of authorities are cited as to this common law principle, among which is 1 Wharton's Criminal Law (10th ed.) sec. 230, wherein we find the following statement: "At common law, the assumption is that the guilt of the perpetrator (principal) is imputable to the instigator (accessory before the fact), and hence the conviction of the latter is to depend on the conviction of the former, as a condition precedent, and must be of the same grade of offense." This must be conceded to be a correct statement of the common law doctrine, therefore there is no occasion to refer to or discuss the other authorities to the same effect which have been cited to us. We might further concede that Section 3178 of the General Statutes of 1906 is in harmony with the common law doctrine and in effect declaratory thereof. Such section is as follows: "Whoever aids in the commission of a felony, or is accessory thereto, before the fact, by counseling, hiring, or otherwise procuring such felony to be committed, shall be punished in the same manner prescribed for the punishment of the principal felon."

If there is no other statute which controls, it would seem that this contention of the defendant would have to be upheld. Let us look further into the matter. It is conceded, as we held in Mathis v. State, 45 Fla. 46, 34 South. Rep. 287, that "There can be an accessory before the fact in the crime of murder in the third degree, and

in manslaughter." Also see the reasoning in Hewitt v. State, 43 Fla. 194, 30 South. Rep. 795. Such a verdict as was returned in the instant case, therefore, can be upheld, provided there is sufficient support therefor in the evidence adduced and it is not inhibited by the common law principle discussed above, of which we have just said that Section 3178 of the General Statutes of 1906 is declaratory.

It is contended on behalf of the State that Section 4007 of the General Statutes of 1906 governs, which statute is as follows: "In all criminal prosecutions hereafter begun in this State, if the defendant be found guilty of an offense lesser in degree, but included within the offense charged in the indictment or information, such verdict shall not be set aside by the court, upon the ground that such verdict is contrary to the evidence, if the evidence produced in such case would have supported a finding, or if such court would have sustained a verdict of guilty of the greater offense."

We think that this contention has been successfully met by the defendant. The ground of the motion in arrest of judgment which we are considering is not that the verdict rendered "is contrary to the evidence," for which the statute makes provision, but is in effect that such verdict could not have been legally returned in the case, therefore the court was not authorized or warranted in sentencing the defendant upon such verdict. As we have frequently held, a motion in arrest of judgment would not lie upon the ground that the evidence is not sufficient to support the verdict. See the discussion in Harris v. State, 53 Fla. 37, 43 South. Rep. 311, and the prior decisions of this court therein cited.

It is also contended on behalf of the State that Section 3991 of the General Statutes of 1906 controls,

which section is as follows: "Whenever any person in-
dicted for a felony shall on trial be acquitted by a verdict
of part of the crime charged, and convicted on the
residue thereof, such verdict may be received and re-
corded by the court; and thereupon any person charged
shall be adjudged guilty of the crime, if any, which shall
appear to the court to be substantially charged by the
residue of such indictment or information, and shall be
sentenced and punished accordingly." We are of the
opinion that there is force in this contention. That a de-
fendant tried under an indictment charging murder in
the first degree might be convicted of manslaughter there
can be no question. By finding the defendant guilty of
the crime of "being accessory before the fact to the com-
mission of manslaughter," the jury thereby acquitted the
defendant of the higher offense charged in the indict-
ment, that of being accessory before the fact to the crime
of murder in the first degree. See the discussion in Lind-
sey v. State, 53 Fla. 56, 43 South. Rep. 87, and Barker
v. State, 40 Fla. 178, 24 South. Rep. 69. We would also
refer to 1 Wharton's Criminal Law (10th ed.) section
236, Ibid. (11th ed.) section 276, and 1 Standard Ency.
of Proc. 158. It necessarily follows from what we have
said that we are of the opinion that this assignment has
not been sustained.

The next assignment which is urged before us is
based upon the overruling of the motion for a new trial,
which motion is as follows:

"Now comes the defendant, Bertha Thomas, hereto-
fore convicted of being an accessory before the fact of
manslaughter; and moves for a new trial for the follow-
ing reasons, to-wit:

"First. The court erred in not sustaining the motion
of the defendant to strike the testimony of Robert Hopps

on the ground that his admissions showed him incapable of understanding the nature of an oath.

"Second.   Because the verdict is contrary to the law.

"Third.   Because the verdict is contrary to the evidence.

"Fourth.   Because the verdict is contrary to the law and the evidence."

We shall follow our established practice and consider only such grounds of this motion as are argued. before us.   Smith v. State, 65 Fla. 56, 61 South. Rep. 120.   It is contended that the verdict rendered is contrary both to the law and the evidence.   It is undoubtedly true, as is urged by the defendant, that, in order to warrant the conviction of one as an accessory the conviction of the person charged as principal must be shown.   There is no dispute upon this point.   We think that the transcript of the record satisfactorily establishes the fact that the prior conviction of the principal was shown upon the trial of the defendant, therefore there is no occasion for our discussion of this point.   As to the further contention of the defendant that the evidence adduced is insufficient to sustain the verdict, it is sufficient to say that we are of the opinion that the evidence is amply sufficient.   We refrain from setting out or discussing the evidence for the reason that no useful purpose could be accomplished by so doing.   As we have repeatedly held:

"An appellate court should not grant a new trial upon the ground of the insufficiency of the evidence to sustain a verdict of guilty affirmed by the trial court if there is some substantial evidence of all the facts legally essential to support the verdict, and the whole evidence is such that the verdict may fairly have been found on it.

"Where there is evidence from which all the elements of the crime may legally have been found or inferred,

and it does not appear that the jury were not governed by the evidence, the verdict will not be disturbed by the appellate court on the ground of the insufficiency of the evidence.

"A verdict will not be set aside by an appellate court where the propriety of the verdict depends not upon the lack of evidence, but upon the credibility of weight of conflicting competent testimony." Smith v. State, 66 Fla. 135, 63 South. Rep. 138.

Next in the order of the argument are the first and fourth assignments, which are argued together and are as follows:

"The court erred in its refusal to strike the testimony of the witness, Robert Hopps, on the ground that his admission showed that he was incapable of understanding the nature of an oath."

"The court erred in refusing to strike the testimony of the witness Mary Johnson, on the ground that her incompetency to qualify as a witness appeared by her admissions that she did not understand the nature of an oath."

Robert Hopps and Mary Johnson were two of the principal witnesses introduced on behalf of the State. There is no occasion to set forth their testimony. The bill of exceptions discloses the following as to the cross-examination of Robert Hopps:

"On cross examination, this witness admitted that he did not know what would become of him if he swore to a lie in court, or whether he would be punished or not, and did not know what would happen to him if he told a lie and died, or where he would go.

"Whereupon the defendant, by counsel, moved to strike the testimony of Robert Hopps on the ground that his incompetency as a witness appeared from these ad-

missions, which motion was denied by the court, and exception noted."

While the following proceedings are shown as to the cross-examination of Mary Johnson:

"The defendant, by counsel, then asked the witness if she knew what would happen to her or whether she would be punished or not if she told a lie in court and she said 'No,' and if she knew what would happen to her if she told a lie and died, and she said 'No,' and thereupon moved that the testimony of this witness be taken from the consideration of the jury on the ground that her incompetency to qualify as a witness appeared, but the court denied the motion and exception was noted."

As we held in Clinton v. State, 53 Fla. 98, 43 South. Rep. 312, 12 Ann. Cas. 150, "The common law rule has been changed in this State, and belief neither in a Supreme Being nor in divine punishment is a requisite to the competency of a witness." Also see Section 1503 of the General Statutes of 1906, which is copied in the opinion, and the authorities therein cited. The defendant cites and relies upon 1 Wigmore's Evidence, Sections 495 and 506, and Ibid. Vol. 3, section 1823, which we have carefully read. We do not feel called upon to criticize or discuss the statements contained in these paragraphs. Assuming their correctness, it still remains for us to determine whether they support the defendant in her contention. It is well settled that it is the province and duty of the trial court to determine the competency of a witness. Clinton v. State, *supra,* and 1 Wigmore's Evidence, section 487. We think that it would have been well if the court had proceeded to have the competency of these two witnesses further inquired into, but, even so, we are not prepared to declare that it committed reversible error in overruling the motions to strike out the testimony of

such witnesses. It is very evident that these witnesses are ignorant and illiterate, but, considering their entire testimony, it would seem that they exhibit about as much intelligence on the witness stand as ordinary persons of their class. As was held in State v. Langford, 45 La. Ann. 1177, 14 South. Rep. 181, 40 Amer. St. Rep. 277, "The mere fact that a witness states, on cross-examination, that she does not know the consequences, nor how she could be punished, if she testifies falsely does not render her incompetent on the ground that she does not understand the nature of an oath, especially when she exhibits as much intelligence on the witness stand as ordinary persons of her class. Also see Colter v. State, 37 Tex. Cr. 284, 39 S. W. Rep. 576. We must hold that these two assignments have not been sustained.

We now reach the fifth and last assignment, which is as follows: "The court erred in sustaining plaintiff's demurrer to defendant, Bertha Thomas's plea in abatement to the indictment."

The plea in abatement of the defendant to which this assignment refers is quite lengthy and we shall not set it out. The defendant in her brief states the purpose and effect of such plea as follows, which would seem to be substantially correct: "The plea in abatement (Record, page 4), sets up the fact that the court at the preceding term drew from the jury box the names of thirty-six persons to serve as jurors at the ensuing term; that at the Spring Term of 1916, thirty-one of these persons were duly summoned by the Sheriff, and appeared in court; that the names of these thirty-one persons were placed in a box by the Hon. E. C. Love, Judge of the Court, and eighteen persons were drawn from this number to make up a grand jury; that after the said eighteen persons had been drawn from the box, that it was ascertained that

Wm. S. Acklin, one of the said number, was not a citizen of the United States and was excused; that another one, W. T. Bryan, was excused by the court; that after these two men had been withdrawn from the eighteen on the grand jury panel, that there remained sixteen men out of the original eighteen grand jurors drawn by the court; that subsequent to this, the court proceeded to draw two more names from the box in order to have a grand jury composed of eighteen men, and that R. W. Vann and M. H. Collins were added to said sixteen men, and were sworn as members of the grand jury and participated in the finding of the indictment against the plaintiff in error."

There is no occasion to set forth the demurrer interposed thereto.

As we held in Young v. State, 63 Fla. 55, 58 South. Rep. 188, wherein we followed prior decisions of this court: Pleas in abatement setting up mere irregularities in the selection of jurors should be drawn with the greatest accuracy and precision, and must be certain to every intent. They must leave nothing to be supplied by intendment, and no supposable special answer unobviated. When it affirmatively appears that no possible injury could accrue to a defendant by an irregularity not amounting to a substantial departure from the requirements of law in the selection and empanelling of jurors, an objection thereto should not avail. Also see Cannon v. State, 62 Fla. 20, 57 South. Rep. 240. We would also refer to Sections 1575, 3852 and 1582 of the General Statutes of 1906. We are clear that no error has been made to appear in this ruling, therefore this assignment must be held to have failed.

It follows that the judgment must be affirmed.

BROWNE, C. J., and TAYLOR, WHITFIELD and ELLIS, JJ., concur.