B. BRITT, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Division A.

Opinion Filed December 18, 1924.

1. In the trial of an indictment for murder a verdict of guilty will not be disturbed if it might have been found by reasonable men from the evidence adduced and the evidence does not preponderate against it and it does not appear that the jury were influenced by considerations outside the evidence.

2. Evidence tending to show malice on the defendant's part in a prosecution for murder and a motive for the killing is admissible.

3. A motion in arrest of judgment upon the ground that the file mark upon the indictment shows it to have been filed before presented, but the minutes of the court show it to have been filed after presentation by the grand jury, is without merit.

4. A motion is not evidence of the facts averred in it. The motion is not self-supporting.

5. Exceptions to the court's refusal to charge as requested must be taken at the time of such refusal; and when several charges are requested and refused exception should be taken to each requested charge as it is refused and separately assigned as error.

6. Where an exception is taken *en masse* to the court's refusal to give several requested instructions, the error cannot be cured by separating the exceptions into as many units as there were instructions refused in a motion for a new trial.

7. Where one exception is taken to the court's refusal to give several requested instructions such exception will fail if one of the instructions requested was correctly refused.

8. All presumptions exist in an appellate court that the judgment of the lower court is correct and one who complains of error must make the same to appear.

9. Charges of the court to the jury should be applicable to the issues and to the evidence.

10. A charge in which the jury are instructed that they are the sole judges of the sufficiency of the evidence does not constitute harmful error.

11. Evidence examined and found sufficient to support the verdict.

A Writ of Error to the Circuit Court for Sarasota County; W. T. Harrison, Judge.

Judgment affirmed.

*H. S. Glazier,* for Plaintiff in Error.

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant Attorney General, for the State.

ELLIS, J.—B. Britt was indicted for the murder of Ed Andrew on June 21, 1923. There was a verdict of murder in the first degree with recommendation to mercy.

The defendant and his wife were living in a tent on Treasure Island, near Midnight Pass, in Sarasota County. On the morning of the 21st of June, H. A. Davidson, who

lived on the island, in company with Ben Robinson, went to the beach, a place where they usually caught bait for fishing. When they arrived at a point opposite the Britt's tent and started across "the cut" toward Davidson's boat they observed Britt and his wife leaving their tent. Mrs. Britt was carrying a rifle, Britt had a minnow net. Ed Andrew, the deceased, was near his own boat walking along the beach.

According to the evidence for the State, as Davidson and Robinson approached the Britts, Mr. Britt threw down his minnow net and taking the rifle from his wife applied a very insulting epithet to Andrew and shot him. Andrew, who in the meantime had gone back to his boat, replied by firing a shot from his shotgun which struck Mrs. Britt, inflicting painful wounds. She screamed and fell to the ground. Britt stepping over her body advanced to the boat behind which Andrew had taken shelter and approaching within five or six feet of him shot him through the head. The shot entered the back of the head behind the right ear. There were also two wounds in the body of Andrew caused by a bullet that entered the "right side and passed out of the left side." Andrew's death resulted from the wound in the head and body.

The defendant's account of the shooting and that given by his wife differ in that the defendant said Andrew shot first, wounding Mrs. Britt, and the defendant taking the gun from his wife shot Andrew. In doing that he said he "stepped across her body and grabbed the gun." He noticed that Andrew was on his knees behind his boat. He was unbreaching his gun, which was a double-barreled shotgun. Defendant said: "I stepped over my wife's body and I walked up that way about two steps" and "made two quick shots."

Mrs. Britt was not killed but she was wounded with small shot and so was the defendant.

Mrs. Britt testified that when they met Davidson and Robinson the defendant "had the rifle in his hand. He was standing right close to them all the time. And he took hold of the gun but he never pointed it at them." On cross examination she said she had the rifle until they met Davidson and Robinson and then she gave it to her husband.

The jury accepted the testimony of the witnesses for the State and found the defendant guilty of murder in the first degree.

The evidence was sufficient to sustain the verdict and we cannot reverse the judgment upon the ground that it was insufficient. While there is some conflict between the testimony of witnesses for the State and evidence offered in behalf of the defendant, it was the jury's province to reconcile it if possible and if not to reject that which they considered unworthy of belief. It does not appear that the jury was influenced by considerations outside the evidence. The evidence does not preponderate against the verdict. It was such a verdict as might have been found by reasonable men. Every presumption is in favor of the correctness of the verdict rendered. See Smith v. State, 72 Fla. 449, 73 South. Rep. 354; Williams v. State, 58 Fla. 138, 50 South. Rep. 749; John v. State, 16 Fla. 554; Robinson v. State, 24 Fla. 358, 5 South. Rep. 6; Williams v. State, 68 Fla. 88, 66 South. Rep. 424; Thomas v. State, 73 Fla. 115, 74 South. Rep. 1; Houston v. State, 50 Fla. 90, 39 South. Rep. 468; Wallace v. State, 76 Fla. 175, 79 South. Rep. 634; Childers v. State, 74 Fla. 288, 77 South. Rep. 99; Pelham v. State, 70 Fla. 295, 70 South. Rep. 87; Phillips v. State, 28 Fla. 77, 9 South. Rep. 826.

This disposes of the first, second and third assignments of error.

The fourth assignment of error groups the "various rulings" of the court excluding testimony for the defendant and admitting evidence against him. Under this assignment only one ruling of the court is discussed. It related to a question propounded by the State Attorney to the first witness for the State, whose name was Davidson. He was asked if the defendant had requested "any of the persons there on the beach that morning to leave or made any threat to drive them away from that part of the beach?" The question was objected to by defendant's counsel and overruled. The witness was permitted to answer it. He said that the defendant called the witness and Robinson by the same name, referring to the opprobrious epithet which he applied to the deceased, and that was just before the shooting. That the defendant said to Davidson and Robinson "will you keep away from me" and witness said "yes," and turned around and walked to his boat.

Counsel for the defendant contend that the words of the defendant were not part of the res gestæ and were, therefore, inadmissible.

There is no merit in the contention. The testimony tended to show a motive on defendant's part for the killing of Andrew. It tended to show that he regarded these men, Andrew, Davidson and Robinson as trespassers upon his fishing grounds and an intention to use force and violence, if necessary, to compel them to leave. It was a circumstance supporting the implication of express malice. It was not shown that the accused was irritated by any recent and great provocation calculated to arouse sudden and violent anger. See Holland v. State, 12 Fla. 117; Daniels v.

State, 57 Fla. 1, 48 South. Rep. 747; Copeland v. State, 58 Fla. 26, 50 South. Rep. 621.

The denial of the motion in arrest of judgment was also without merit. The basis of the motion was that the indictment showed by an indorsement on the back that it was filed on November 19th, while the minutes show that the court convened on the 20th of that month. The minutes of the court show that the grand jury presented the indictment on November 21st. The figures "19th" have a pen line drawn through them followed by the figures "21st" under the words: "presented in open court by the Grand Jury and filed." So the date of presenting and filing the indictment appears as follows: "Nov. 19th, 21st, 1923."

An assignment of error, which is number five, attacks a ruling of the court holding that there was no illegal separation of the jury trying the cause. The tenth, eleventh, twelfth and thirteenth grounds of the motion contain some statements to the effect that no special bailiff was in attendance upon the jury; that the foreman took them out to dinner as his guests; that the jury was not kept together during the noon hour and that they separated during the evening and some of them talked with the witnesses and others.

There was no evidence in support of such statements and the court in overruling the motion found the allegations in the motion to be unsupported by the facts.

A motion is not evidence of the facts averred in it. That it to say, the statement in a motion is not self-supporting in view of the ruling of the court denying it. The court's order, however, shows the averments of fact to have been unsupported. See Gray v. State, 42 Fla. 174, 28 South. Rep. 53; Oliver v. State, 54 Fla. 93, 44 South. Rep. 712;

Barnhill v. State, 56 Fla. 16, 48 South. Rep. 251; Lindsay v. State, 69 Fla. 641, 68 South. Rep. 932.

The motion for a new trial contains twenty-four grounds; those numbered from fourteen to twenty-four inclusive attack one charge given and ten requested but refused. An exception was taken *en masse* to the court's refusal to give the ten charges requested.

Exceptions to the court's refusal to charge must be taken at the time of such refusal. Where several charges are requested and refused exception should be taken to each as it is refused and separately assigned as error.

In this case one exception was taken to the court's refusal to give ten charges requested. This exception was spread out into ten grounds in the motion for a new trial and then again consolidated with all the other grounds of the motion into one assignment of error. Where an exception is taken *en masse* to the court's refusal to give several requested instructions, the error cannot be cured by separating the exceptions into as many units as there were instructions refused, in a motion for a new trial. It has been the rule of appellate procedure in this State since the existence of this Court that when one exception is taken to the entire charge of the court the exception fails if the charge contains a single correct proposition of law. The rule applies with equal reason to an exception taken to the court's refusal to give several instructions. If one such requested instruction was correctly refused the assignment must fail.

The purpose of the rules of the appellate procedure is to secure a correct but succinct presentation of the alleged error of which complaint is made, to the end that justice may be administered accurately, expeditiously and as inexpensively as is consistent with efficiency. When the rules of appellate procedure are observed in the prepara-

tion of transcripts of the record and the rules of procedure followed in the trial of causes the work of this Court is facilitated.

The rule that all presumptions exist in an appellate court that the judgment is correct and that one who complains of error must make the same to appear is a sound one and is firmly established. See Metzger v. State, 18 Fla. 481; Griffin v. State, 48 Fla. 42, 37 South. Rep. 209; Lewis v. State, 42 Fla. 253, 28 South. Rep. 397.

The thirteenth requested instruction was erroneous as inapplicable to the evidence, as there was no evidence of threats made by the deceased against the life of the defendant. Charges of the court to the jury should be applicable to the issues and to the evidence. See Ward v. State, 75 Fla. 756, 79 South. Rep. 699; Eatman v. State, 48 Fla. 21, 37 South. Rep. 576; Hisler v. State, 52 Fla. 30, 42 South. Rep. 692; Long v. State, 78 Fla. 464, 83 South. Rep. 293.

A lengthy charge, which seems to have been given under the title "The Aggressor," contained a proposition in the last paragraph to which counsel for defendant except in connection with another proposition contained in a different charge under the title "Jury Sole Judges of Evidence." The latter charge contained the following sentence: "You are the sole judges of the weight and sufficiency of the evidence and of the credibility of the witnesses."

Exception is taken to the use of the word "sufficiency." While the jury are not the sole judges of the *sufficiency* of the evidence the fact that they were told that they were could not have been prejudicial to the defendant. It is difficult to perceive how a defendant on trial for the commission of a crime could be harmed by telling the jury that their verdict of guilty could not be set aside by the court upon the ground that the evidence was insufficient

to support it. Which is the equivalent of saying that they (the jury) are the sole judges of the sufficiency of the evidence. The truth is, they are judges of the sufficiency of the evidence and for purposes of the particular trial the sole judges, but in so far as the phrase means that their judgment may not be reviewed it is, of course, incorrect but not harmful.

But it is a strained and far fetched construction to say that the words used in the charge had any reference to the power of the trial judge or the appellate court to pass on the question of the sufficiency of the evidence to support a verdict of guilty. As applied to the particular trial the jury are the sole judges of the sufficiency of the evidence even if their verdict is guilty, but if it should be not guilty the phrase is correct in its entire and most comprehensive meaning.

As to that portion of the court's general charge under the title "The Aggressor," to which the defendant took exception, we are of the opinion that there was no error.

The evidence tended to show that the deceased fired his double-barreled shotgun at the defendant or the latter's wife. Whether the deceased fired first or in reply to the defendant's shot was a matter of controversy. Most of the shots from the gun of the deceased struck the woman. She had the rifle part of the time during the altercation between the defendant and the three men, Davidson, Robinson and Andrew. The jury were told that an aggressor could not be heard to acquit himself of liability unless in good faith he withdraws from the difficulty he provoked. In this connection the jury were instructed that they should determine who was the aggressor and if they believed that the shots which struck the woman were stray shots or the result of poor marksmanship of the deceased who fired at the defendant, under such circumstances as they would

have been justifiably fired at him, they should consider such shots as struck the woman as shots fired at the defendant. We fid no difficulty with that instruction. If the deceased fired in self-defense at the defendant but the shots went astray and struck the woman, defendant's wife, that circumstance would not convert the deceased into the aggressor justifying the defendant in taking his life.

No error appearing in the record the judgment is affirmed.

TAYLOR, C J., AND BROWNE, J., concur.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur in the opinion.