EDDIE GAINES, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

Division A.

Opinion filed May 27, 1929.

*James J. Caruso, Wallace E. Sturgis, H. H. McDonald* and *Zach H. Douglas,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

ELLIS, J.—Eddie Gaines owned a restaurant in Ocala. It is a place where Winslett, a vendor of peaches from Georgia, went one afternoon in November, 1927, to buy a drink of "home brew." From a verbal wine list of "corn, rye, shine, ginn" and home brew he selected a bottle of the latter. After drinking it he displayed a large roll of paper money, selected a dollar bill, paid for his drink and received the change. He was thereupon accosted by one of the men in the place to play pool at a place further down the street. Accepting the invitation, the men proceeded to the pool room, where others soon assembled and Winslett was invited to play other games for stakes ranging from a dollar to fifty dollars per game. Some of these invitations he refused and the party returned to Gaines' place to purchase a bottle of "beer" for one of the men. Arriving there Winslett proceeded to order a supper for a boy whom he had in his employment. The meal in due course being finished, Winslett proceeded to leave the place when he was again importuned by a man named McRae to play pool, declining the invitation he was solicited to "match" McRae for a "bottle of beer."

It is not clear whether Winslett complied with that request but as he was going toward the door McRae sought to detain him by laying hands rather violently upon him, and Gaines interposed himself between Winslett and the door and shot Winslett in the stomach and as the latter fell to the floor shot him again in the breast. Winslett then drew his pistol and fired twice. His assailants ran and as Winslett escaped from the building to the street another habitue of the place, named Patrick, shot at Winslett four times.

There was some little controversy between counsel and the court as to whether Gaines' place should be called a "joint" or a "saloon" but that was merely one of the immaterialities which frequently occurred during the trial.

This remarkable story was told by Winslett as a State's witness in the prosecution of Gaines, the plaintiff in error, who was indicted, tried and convicted of the crime of assault with intent to commit a felony. The felony which the indictment alleged Gaines attempted to commit was murder. The jury defined the felony as murder in the second degree. Gaines seeks a reversal on writ of error.

The only error assigned rests upon the order of the Court overruling a motion for a new trial. There were thirteen grounds. The brief for plaintiff in error is confined to the third, fourth, fifth, sixth, tenth, twelfth and thirteenth grounds of the motion. The remaining grounds are not argued. They are expressly abandoned.

When an assignment of error rests upon an order denying a motion for a new trial which contains several grounds only such grounds of the motion as are argued in the brief will be considered. McNish v. State, 47 Fla. 69, 36 So. R. 176; Colson v. State, 51 Fla. 19, 40 So. R. 183; McCall v. State, 55 Fla. 108, 46 So. R. 321; Thomas v. State, 73 Fla. 115, 74 So. R. 1.

The third, fourth and fifth grounds of the motion are argued together. They attack the sufficiency of the evidence to support the verdict. There is no merit in this contention. While there was some conflict in the evidence as to which one of the men, Gaines or Winslett, fired the first shot, there could be little or no difference of opinion amongst the jury as men of a reasonable degree of intelligence that the excessive manifestations of hospitality as exhibited by Gaines, Patrick and McRae toward Winslett immediately after the latter displayed his large roll of money were not due to his fascinating personality, but rather to a spirit of cupidity against which the Tenth Commandment had not effectively admonished them.

The Court declined, upon defendant's motion, to instruct the jury to view the premises on which the crime was committed. The matter is one which is addressed to the discretion of the trial court. Crawford v. State, 70 Fla. 323, 70 So. R. 374; Haynes v. State, 71 Fla. 585, 72 So. R. 180. There was no error in that ruling.

The tenth ground is that the court erred in refusing to "strike the testimony of State's witness E. G. Grimes concerning the character and reputation for truth and veracity, respectively, of the defense witnesses Jack Patrick, Bob Shipman, Mildred Hawk and Eddie Gaines severally."

Grimes was a policeman of the City of Ocala and testified as to the reputation of the witnesses named in that community for truth and veracity. He seemed not to have a very clear idea of the meaning of the term "reputation" and when asked to define it was very much at a loss both of ideas and words. As the cross examination progressed, however, it became apparent that his knowledge of the reputation of those people for truth and veracity was acquired in the conventional manner. He was a police-

man, possessed of the usual degree of inquisitiveness, and learned by contact with many people in a desultory way much about the habits, character and reputation of many persons including the above named witnesses. The reputation of Mildred Hawk, the girl who "worked" in the Grimes Cafe, seemed to interest counsel and witness to some extent but the examination of the witness, which was very irregular, produced no ground for striking his testimony nor was any such motion made. At times objections were sustained, at other times overruled, and occasionally answers stricken and questions excluded but certainly no ground existed for striking his entire testimony.

An objection to evidence should be definitely made and if overruled an exception reserved and then an argument addressed to it in this court if it is intended to pursue the objection this far. An objection to evidence as a whole, part of which is admissible, is properly overruled. See Anthony v. State, 44 Fla. 1, 32 So. R. 818; Kirkland v. State, 70 Fla. 584, 70 So. R. 592; Flores v. State, 72 Fla. 302, 73 So. R. 234.

There is no error shown by this assignment.

The twelfth and thirteenth grounds of the motion are based upon words alleged to have been used by the State Attorney in his argument to the jury referring to Gaines, the defendant. The words, which are set out in the motion were: "Nobody but Gaines is the man who ran out on the street after Winslett and yelled 'kill him Jack'" and "Everybody in Marion County knows the bad reputation of Gaines and these other witnesses about which officer Grimes has testified."

Those words, if indeed the State Attorney had been correctly quoted, were not objectionable. There was ample evidence to afford that much play for the imagination. See Webb v. State, 61 Fla. 82, 54 So. R. 630.

The Court will not scrutinize with nicety the logical force of counsel's arguments. See Wilson v. State, 47 Fla. 118, 36 So. R. 580.

In any event to make alleged improper remarks of counsel the basis of error the court should be requested at the time to interfere and if it refuses such refusal must be preserved by an exception duly taken. See Willingham v. State, 21 Fla. 761; McRae and Clinton v. State, 35 Fla. (833, text) 737, 18 So. R. 182.

The bill of exceptions contains no statement that such words were used, nor that any objection was raised by counsel during the argument. The point therefore is not presented. Recitals in a motion are not evidence of the facts related therein as ground for the motion. See Davis v. State, 35 Fla. 614, 17 So. R. 565; Oliver v. State, 54 Fla. 93, 44 So. R. 712; Haynes v. State, 71 Fla. 585, 72 So. R. 180.

No error appears by the record to have been made so the judgment is affirmed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.