J. L. TAYLOR v. STATE.

(Two Cases, Indictments No. 87, 91.)

158 So. 437.

Opinion Filed December 20, 1934.
Petition for Rehearing Denied January 16, 1935.

*W. D. Bell,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

ELLIS, J.—J. L. Taylor, in April and June in the year 1932, was Tax Collector of Hendry County.

On February 19, 1934, the Grand Jury of that county returned an indictment against Taylor, charging him with the embezzlement on April 7, 1932, of $3,612.00, alleged to be the property of the State of Florida, the County of Hendry and the Okeechobee Flood Control District. It is alleged that the money was received from the Standard Lumber Corporation, a corporation, and that the money came into his possession by virtue of his office as Tax Collector of Hendry County.

For convenience, the indictment will be referred to as Indictment No. 87, which number it bears upon its back.

A motion to quash the indictment was overruled. A motion to require the State to furnish a bill of particulars was granted and the bill of particulars was supplied.

In February, 1934, the accused pleaded not guilty to the indictment. The trial proceeded and the jury returned a verdict of guilty as charged.

A motion in arrest of judgment was denied and judgment entered against the defendant on March 2, 1934. A writ of error was applied for on the same day and issued ten days later.

Another indictment was presented by the grand jury on February 19, 1934, against Taylor charging him with the embezzlement on June 4, 1932, of the sum of $225.22. It

was alleged that the money came into his possession by virtue of his office as Tax Collector and that he received it from the United States Sugar Corporation. It was alleged that the money so charged to have been embezzled was the property of the State of Florida.

There was likewise a motion to quash the indictment and the same was overruled. A motion for a bill of particulars in that case was denied. The defendant pleaded not guilty on February 26, 1934. The case came on for trial on March 1, 1934, and resulted in a verdict of guilty and on March 2, 1934, judgment was entered against the defendant.

A writ of error was applied for in that case and was duly issued. The writ in each case was made returnable to this Court on the same day.

The indictment in each case was brought under Section 7253, Compiled General Laws of Florida, 1927. The statute denounces the crime of embezzlement by State, county or municipal officers and provides that if any such officer shall: (1) Convert to his own use, or (2) Secrete with the intent to convert to his own use, or (3) Withhold with intent to convert to his own use, any money belonging to or in the possession of the State, county, city or town, and his duty requires such officer to receive such money, he shall be deemed guilty of an embezzlement of the money. The offense is a felony.

Each case was orally argued before this Court on November 20, 1934. As similar questions arise in each case they will be treated together.

To each indictment there was a plea in abatement. It attacked the legality of the organization of the grand jury which returned the two indictments. It averred that the grand jury was drawn from a list of persons selected by the Board of County Commissioners during the first week of January, 1934, that in making such selection the County

Commissioners "willfully, corruptly and fraudulently failed to comply with Section 2 of Chapter 12068, Acts of 1927, Laws of Florida, in that the said board did not make out a list of not less than 250 persons properly qualified to serve as jurors, who, in addition to the qualifications set forth in Section 2771, Revised General Statutes of Florida, as amended by Chapter 12068, Acts of 1927, Laws of Florida, were known to said commissioners, or whom they had good reason to believe, were law-abiding citizens of approved integrity, good character, sound judgment and intelligence, and who were not physically or mentally infirm."

It is averred that the list contained the names of 156 persons; that the County Commissioners were able at the time the selection was made to select the number of persons required by the statute; that they were not authorized to select a less number; that there were in Hendry County at the time the list was made up more than 250 male persons of the required qualifications and who were then known to the commissioners, or whom they had good reason to believe possessed such required qualifications, nevertheless the "County Commissioners willfully, fraudulently and corruptly failed to select the number of such qualified persons as required by law," but selected a less number, only 156 of such persons.

A motion to strike that plea was granted by the court. The motion contained a statement, which constituted the seventh ground, that the record of the County Commissioners' meeting of January 2, 1934, showed an affidavit by the five County Commissioners that they were not able to select the number of persons to serve as jurors as required by Section 4444, Compiled General Laws, 1927, who were qualified under the law.

. Section 4444, C. G. L. 1927, is. Section 2 of Chapter 12068, Laws of Florida, 1927. That statute requires the

County Commissioners of the several counties to hold a meeting in the first week of January of each year, or as soon thereafter as practicable, and select from the list of male persons who are qualified under the provisions of Section 2771, Revised General Statutes, 1920 (Sec. 4443 C. G. L. 1927) to serve as jurors "not less than two hundred fifty nor more than five hundred persons properly qualified to serve as jurors," who in addition to the qualifications prescribed by Section 4443 C. G. L., *supra,* shall be "such persons only as the said commissioners know, or have good reason to believe, are law-abiding citizens of approved integrity, good character, sound judgment and intelligence, and who are not physically or mentally infirm." The list is required to be signed and verified by the commissioners as having been personally selected and as possessing the prescribed qualifications according to the best information and belief of the commissioners. The statute also provides that if in any of the counties of the State the County Commissioners shall not be able to select the required number they shall be authorized to select a less number.

The plea presented a definite issue with the degree of certainty required in such pleas. It averred that the County Commissioners selected only one hundred and fifty-six persons; ninety-four less than the required number; that the commissioners were at that time able to make out a list of the required number of persons; that there were in Hendry County, at the time the list was made up, more than two hundred and fifty male persons above the age of twenty-one years possessing the prescribed qualifications, and who were known to the commissioners, or whom they had good reason to believe, to be law-abiding citizens possessing all the required qualifications; that the commissioners nevertheless willfully, fraudulently and corruptly

failed to select the number of persons for jury service required by the law.

The answer to that plea was the motion to strike it because, first, it was no defense to the indictment; second, that it stated no facts sufficient to abate the indictment; third, that it averred no ground for a challenge to the grand jurors; fourth, that it showed no disqualification of the grand jurors; fifth, that it did not aver any challenge to the array of grand jurors before swearing them or impaneling them; sixth, that it did not allege any facts showing fraud on the part of the County Commissioners and, seventh, that the minutes of the County Commissioners showed that they had made the affidavit above mentioned.

The plea did not raise a mere immaterial irregularity. It was not a question of the disqualification of grand jurors, nor was a challenge to the array the only proper method of attacking the legality of the organization of the jury. The ground that it was no defense to the indictment and that the plea contained no statement of facts sufficient to abate the indictment was merely an attack in general terms upon the sufficiency of the plea. The plea was sufficiently accurate and precise to meet the required standard of certainty to every intent. See Thomas v. State, 58 Fla. 122, 51 South. Rep. 410; Young v. State, 63 Fla. 55, 58 South. Rep. 188; Landrum v. State, 79 Fla. 189, 84 South. Rep. 535; Thomas v. State, 73 Fla. 115, 74 South. Rep. 1; McDaniel v. State, 103 Fla. 529, 137 South. Rep. 702; Jenkins v. State, 35 Fla. 737, 18 South. Rep. 182.

In those cases the pleas were not deemed to be sufficient. The court in each case followed the verbal formula that the "greatest accuracy and precision" is required and that they must be "certain to every intent"; also that "They must leave nothing to be supplied by intendment, and no supposable special answer unobviated."

The only method prescribed by the laws of this State for the selection of persons to serve as jurors is prescribed by Sections 4443 to 4450 C. G. L. 1927. Section 4446, *supra,* requires the County Commissioners in counties having a population of less than six thousand inhabitants according to the last preceding State Census to select and make out a list of not less than 200 nor more than 250 persons properly qualified to serve as jurors.

In the case of Hicks v. State, 97 Fla. 199, 120 South. Rep. 330, it was held to be essential to the existence of the legal grand juries that there be a substantial compliance with the mode of selection prescribed by statute.

Under the Constitution in force when the indictments were presented in this case, the accused was entitled to be proceeded against by a grand jury. The mode of selecting a grand jury is a matter of statutory requirement. No grand jury can be drawn and organized except pursuant to the requirements of the statute.

In the case of Slayton v. State, 105 Fla. 586, 141 South. Rep. 875, this Court held that an indictment found by a grand jury drawn from a box in which the County Commissioners placed more additional names than the Circuit Judge ordered is illegal and voidable.

This case, by parity of principle, presents an element in the organization of the grand jury which returned the indictments against Taylor that vitiates its action and rendered the indictments subject to attack as voidable.

It is not a question of the reason which operated upon the legislative mind in enacting the statutes. It is sufficient that the power existed to enact such laws and they are on the statute books. The courts are bound by their duties to observe the law and construe it. In the case there is no occasion for construction, the language is plain and requires no interpretation.

If the County Commissioners had the power to select only one hundred and fifty-six persons to serve as jurors they had the power to select only fifty-six or less. The accused may have found some protection from an indictment in the other ninety-four persons whom the commissioners failed willfully to select.

The plea was good as against the first five grounds of the motion. It is also good as to the sixth and seventh grounds. The averments that there were more than two hundred and fifty male persons, citizens of the county possessing the required qualifications and who were known to the commissioners, but they willfully failed to select the required number is a sufficient averment of bad faith amounting to a fraudulent act in law to vitiate the proceedings.

The affidavit which the motion alleges was spread upon the minutes of the County Commissioners that they were unable to select the number of persons to serve as jurors, as required by Section 4444 C. G. L., is not of itself sufficient as against the plea to render it insufficient.

In the first place, the motion itself is not evidence of the facts it avers. It is not self-proving. See Tuberson v. State, 26 Fla. 472, 7 South. Rep. 858; Richardson v. State, 28 Fla. 349, 9 South. Rep. 704; Davis v. State, 35 Fla. 614, 17 South. Rep. 565; Oliver v. State, 54 Fla. 93, 44 South. Rep. 712; Lindsay v. State, 69 Fla. 641, 68 South. Rep. 932; Haynes v. State, 71 Fla. 585, 72 South. Rep. 180; Stewart v. Preston, 80 Fla. 473, 86 South. Rep. 384; Britt v. State, 88 Fla. 482, 102 South. Rep. 761; Gaines v. State, 97 Fla. 908, 122 South. Rep. 525.

The accused has the right to a trial of the issue tendered. He averred in the plea that there were more than two hundred and fifty male persons citizens of the county possessing the requisite qualifications under the statute, and they were known to the commissioners, or whom they had good rea-

son to believe possessed the qualifications required, at the time the selection was made, but that the commissioners willfully failed to select the required number of persons for such service. That issue cannot be determined by the mere statement under oath of the commissioners that they were not able to do so. The accused had a right to offer evidence before a jury on that question of fact.

To hold otherwise would be to leave the matter of the selection of persons by the County Commissioners to serve as jurors to the pleasure or caprice of the commissioners and to substitute for the plain and express requirements of the statute the will of the commissioners if perchance they were desirous of shirking their duties.

It was error to strike the pleas in abatement, which error we hold to be of a substantial nature impairing a constitutional right secured to the accused. The judgment of conviction in each case is reversed.

DAVIS, C. J., and WHITFIELD, BROWN and BUFORD, J. J., concur.