WILLIAM GASS, PLAINTIFF IN ERROR; VS. THE STATE OF
FLORIDA, DEFENDANT IN ERROR.

1. To justify an appellate court in holding the trial court in
   error in its ruling denying an application for a con-
   tinuance in a criminal case, all facts necesary to show
   a clear abuse of discretion to the injury of the accused must
   be presented, and whenever the record is either silent or
   uncertain on any point material to establish such an abuse,
   the presumptions are all in favor of the correctness of the
   ruling.

2. No. abuse of discretion in the ruling denying an application
   for a continuance on the ground of the absence of a mate-
   rial witness is shown, where the application admits that
   the witness has not been served with subpoena because
   not found, and that at the time of the application such wit-
   ness is in another State, and where the application does not
   state that the witness is a resident of this State and only
   temporarily absent in such other State, or other facts
   showing that if the case is continued his presence can be
   secured at the next term of the court.

3. A general exception to the refusal to give two or more re-
   quested instructions aserting separate and distinct pro-
   positions of law, will be overruled if it appears that any
   one of such instructions was properly refused.

4. An instruction that "the court instructs the jury, that it is
   incumbent upon the State to prove every material allega-
   tion of the indictment as charged therein, nothing is to
   be presumed or taken by implication against the defen-
   dant; the law presumes him innocent of the crime with
   which he is charged until he is proven guilty beyond a
   reasonable doubt by competent evidence, and if the evi-
   dence in this case leaves upon the minds of the jury any
   reasonable doubt of defendant's guilt. the law makes it
   your duty to acquit him and find him not guilty" is prop-
   erly refused.

Writ of error to the Circuit Court for Alachua County.

The facts of the case are stated in the opinion of the court.

*Jackson & Thomas,* for Plaintiff in Error.

*William B. Lamar,* Attorney-General, for the State.

CARTER, J.

On December 11th, 1901, in the Circuit Court of Alachua County, an indictment was found by the grand jury, charging plaintiff in error with murder in the first degree. He was tried at the same term of the court, found guilty as charged with recommendation of mercy, and from the sentence imposed sued out this writ of error.

I. The first error assigned is based upon the ruling denying defendant's motion for a continuance. In the affidavit filed with the motion it is averred that defendant was arraigned on the day the indictment was presented, viz: December 11th, and that the trial of the case was then set for Tuesday, December 17th, that being the day the trial was begun, and upon which the continuance was applied for. It is also averred that immediately after the cause was set for trial defendant had subpoenas issued for his witnesses, including one John Gardner; and that the sheriff had made his return that Gardner could not be found in the county, and, therefore, service could not be perfected upon him. It is further alleged "that said witness is out of the limits of the State of Florida and in the city of Montgomery, Alabama;" that the witness was absent without defendant's consent, and that de-

fendant expected to have him present, and to have his testimony given at the next term of the court. The affidavit fails to state whether the witness is a resident of the State of Florida, or whether he was located permanently or only temporarily in Montgomery, Alabama. It does appear inferentially that at the time of the alleged homicide, September 15th, 1901, the witness was living in Alachua County, but for aught that appears at the time the indictment was found the witness was not a resident of the State of Florida. Of course if the witness was not a resident of the State, he would not be subject to the process of the court, and the defendant to obtain the benefit of his testimony would have to take his depositions under the statute. No steps looking to that end were ever taken by the defendant, and under the circumstances it does not appear that the court abused its discretion in denying the application. In Ballard v. State, 31 Fla. 266, 12 South. Rep. 865, it is held that all facts necessary to show a clear abuse of discretion to the injury of the accused must be presented, and wherever the record is either silent or uncertain on any point material to establish such an abuse, the presumptions are all in favor of the correctness of the ruling denying the motion. As it affirmatively appears from the affidavit that the witness had never been subpoenaed, because not found; that he was at the time of the application in another State, and, therefore, beyond the jurisdiction of the court, and as nothing was shown beyond the bare expectation of defendant to indicate that the witness' presence could be secured at the next term either voluntarily or in obedience to the process of the court, to say nothing of other defects in the affidavit, this court is not justified

in reversing the ruling denying the application for a continuance.

II. The second asignment of error complains that the court erred in refusing to charge the jury as requested by defendant as complained of in the second, third and sixth grounds of the motion for a new trial. The three instructions the refusal to give which is made the basis of the stated grounds of the motion for a new trial were numbered 2, 8 and 10, and they assert separate and distinct propositions of law. The exception taken to the refusal to give them was general, and under the uniform rulings of this court, if any one of them was properly refused the general exception to the refusal to give them all will fail. The second of these requests is as follows: "(2) The court instructs the jury that it is incumbent upon the State to prove every material allegation of the indictment as therein charged, nothing is to be presumed or taken by implication against the defendant; the law presumes him innocent of the crime with which he is charged until he is proven guilty beyond a reasonable doubt by competent evidence, and if the evidence in this case leaves upon the minds of the jury any reasonable doubt of defendant's guilt, the law makes it your duty to acquit him, and find him not guilty." This instruction was properly refused as has been held in Thalheim v. State, 38 Fla. 169, 20 South. Rep. 938.

III. The third assignment of error is that the court erred in admitting the testimony of the State's witness H. G. Mason as to a confession made by the defendant. The witness Mason stated that he saw the defendant on the evening of the day of the homicide and also the next morning, and that he heard defendant make statements with reference to the homicide. After proving by the

witness that the statements were free and voluntary, and that no improper influences induced them; he was asked by the State Attorney to state what he defendant said, to which he replied: "He said he shot Carrie Bellamy (the deceased) and killed her." The defendant objected to the question upon the ground that the foundation for the admission of the testimony had not been laid, and to the ruling admitting the testimony excepted. The objection urged is that it was not shown that the statement was voluntarily made so as to admit it as a confession, but as we have stated above, the witness did show that the statement was perfectly free and voluntary. This assignment of error is, therefore, not well taken.

IV. The fourth assignment of error is not argued, and will be treated as abandoned.

The judgment of the Circuit Court is affirmed.