JAMES E. CRANE, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed August 12, 1918.

Petition for Re-hearing Denied October 31, 1918.

1.   A Trustee of County bonds is an employee in a County office within the meaning of Section 3317, General Statutes of 1905, Compiled Laws of 1914, defining embezzlement by State, County and Municipal officers and "any Deputy, Clerk or employee in any State, County or Municipal office."

2.   Where an information charges that the defendant "an officer of the County," to-wit:  "A Trustee of County Bonds" did receive and embezzle, etc., the words "an officer of the County" may be regarded as harmless surplusage.

3.   Alleged errors in giving or refusing charges or instructions, and the admission or rejection of testimony which do not weaken the effect of the admitted testimony, and which do not reach the legality of the trial itself will not be considered grounds for reversal where the evidence leaves no room for reasonable doubt of the defendant's guilt.

4.   A judgment of conviction will not be reversed on writ of error even if technical errors were committed in rulings on the admissibility of evidence or in charges given or refused or in other matters of procedure, where the evidence of guilt is clear and ample and no fundamental rights of the defendant were violated, and is appears from the whole record that such technical errors, if any, were not prejudicial to the defendant.

Writ of Error to Criminal Court of Record for Hillsborough County; Lee J. Gibson, Judge.

Affirmed.

*Thomas Palmer,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

PER CURIAM.—This writ of error was taken to a judgment of conviction for embezzlement.

The information is as follows:

"BE IT REMEMBERED: That Wm. H. Jackson, Solicitor, for the County of Hillsborough, prosecuting for the State of Florida, being present in said Court on the 16th day of February, in the year of our Lord one thousand nine hundred and seventeen, gives the Court to be informed and understand that James E. Crane, late of the County of Hillsborough, aforesaid, in the State aforesaid, on the 15th day of June, in the year of our Lord one thousand nine hundred and sixteen, with force and arms at and in the County of Hillsborough aforesaid, being then and there an officer of the County of Hillsborough, a County of the State of Florida, under the laws of the State of Florida, to-wit: a Trustee of County Bonds, and while such officer, to-wit: a Trustee of County Bonds did receive and take into his possession certain moneys, the property of the County of Hillsborough, a County of the State of Florida under the laws of the State of Florida, to-wit: Three Thousand Three Hundred Thirty-nine Dollars and Thirty-one cents, for and in the name and on account of the County of Hillsborough, aforesaid; and said money so as aforesaid coming into his possession by virtue of his said office as a Trustee of County Bonds as aforesaid, he, the said James E. Crane, did then and there, to-wit: on the 15th day of June, A.

D. 1916, in the County and State aforesaid, did felon-iously embezzle and feloniously and fraudulently convert into his own use towit: Three Thousand Three Hundred Thiryt-nine Dollars and Thirty-one Cents in money cur-rent in the United States of America, of the value of Three thousand Three Hundred Thirty-nine Dollars and Thirty-one Cents in money current in the United States of America, a more particular description of which is to the Solicitor unknown, against the forms of the Statute in such cases made and provided and to the evil example of all others in the like case offending, and against the peace and dignity of the State of Florida.

"AND BE IT FURTHER REMEMBERED, That Wm. H. Jackson, Solicitor, as aforesaid, prosecuting as afore-said, being present in said Court on the day and year first aforesaid, gives the Court to be further informed and un-derstand that the said James E. Crane, late of the County of Hillsborough aforesaid, in the State aforesaid on the said 15th day of June, in the year of our Lord one thou-sand nine hundred and sixteen, with force and arms at and in the County of Hillsborough aforesaid, being then and there an officer of the County of Hillsborough, a County of the State of Florida under the laws of the State of Florida, to-wit: a Trustee of County Bonds of the bond issue of July 1st, A. D. 1903, and while such officer, to-wit: a Trustee of County Bonds of the bond issue of July 1st, A. D. 1903, did receive and take into his possession certain moneys, the property of the County of Hillsborough, a County of the State of Florida, under the laws of the State of Florida, to-wit: Three Thousand Three Hundred Thirty-nine Dollars and Thirty-one Cents, for and in the name and on account of the County of Hillsorough aforesaid; and said money so as aforesaid coming into his possession by virtue of his said office as

a Trustee of County Bonds of the bond issue of July 1st, A. D. 1903, as aforesaid, he, the said James E. Crane, did then and there, to-wit: on the 15th day of June, A. D. 1916, in the County and State aforesaid, did feloniously embezzle and feloniously and fraudulently convert into his own use, to-wit: Three Thousand Three Hundred Thirty-nine Dollars and Thirty-one Cents in money current in the United States of America, of the value of Three Thousand Three Hundred Thirty-nine Dollars and Thirty-one Cents in money current in the United States of America, a more particular description of which is to the Solicitor unknown against the forms of the Statute in such cases made and provided, and to the evil example of all others in the like case offending, and against the peace and dignity of the State of Florida."

To this information a demurrer was filed, the grounds being:

"1st: That the information in this cause charges this defendant, under the Statute of the State of Florida, with the embezzlement of certain funds entrusted to his care and custody as a County officer, to-wit, a Bond Trustee of Hillsborough County.

"2nd: The information in this case ,as a part of the allegations of the same, and in both counts thereof, alleges and charged this defendant with being a County officer of Hillsborough County, to-wit: a Bond Trustee of Hillsborough County, there being no such officer as Bond Trusteeship, and no such officer as Bond Trustee of Hillsborough County.

"3rd: A Bond Trustee, under the Statutes of Florida, is selected to the position of such Trustee by the County Commissioners of the County and not appointed by the Governor, or elected by the people, and for this reason, cannot, under the Constitution be a County officer.

"4th. The allegation in this information showing that this defendant is a Bond Trustee of Hillsborough County, and that he is therefore an officer of the County of Hillsborough, does not show that he is legally and constitutionally appointed or elected an officer of Hillsborough County.

"5th. There cannot be, under the Constitution of the State of Florida, such an officer as County Bond Trustee of Hillsborough County.

"6th. The Statutes undertaking to create the position of County Bond Trustee is unconstitutional and void, both because such Trustee is not appointed by the Governor, or elected by the people, as required by the Constitution, and, 2nd, because the term of office is indefinite and not limited within four years."

An order overruling this demurrer is assigned as error, the contention being that the accused is not an officer within the purview of Section 3317, General Statutes of 1906, which is as follows:

"Any State, county or municipal officer who shall:

"1. Convert to his own use, or who shall

"2. Secret with the intent to convert to his own use, or who shall

"3. Withhold with the intent to convert to his own use,

(a) Any money, property or effects belonging to or in the possession of the State, county, city or town whose duty requires him to receive said public money, property or effects; or

(b) Any money, property or effects of another, the duty of which officer requires him to receive said money, property or effects, shall in every such act be deemed guilty of an embezzlement of the money property or effects so converted, secreted or withheld, and shall be pun-

ished by imprisonment in the State prison not exceeding twenty years, and by a fine equal to the value of the money, property or effect so converted, secreted or withheld. The failure, neglect, omission or refusal of any such officer to pay over or deliver to any official or person authorized or having the right by law to receive the same, for more than thirty days after the same has been collected or received by him, shall be prima facie evidence of the conversion to one's own use, or the secreting with intent to convert to one's own use, or the withholding with the intent to convert to one's own use the said money, property or effects. This section shall apply to any deputy, clerk or employee in any State, county or municipal office, and to all school officers."

This statute is specifically made applicable "to any deputy, clerk or employee" in any county office.

The accused is informed against as "a Trustee of County Bonds." Such trustees are employed by the County Commissioners who are county officers, pursuant to the statute under which county bonds are issued, viz:

"When the County Commissioners shall have issued bonds as aforesaid, they shall appoint by resolution of their board, to be recorded in the minutes, a financial committee of three persons, who shall be resident free holders of the county, to be styled trustees of county bonds, who shall each give bond running to the county treasurer, with sufficient sureties, in such sum as may be required by the County Commissioners, conditioned that the said trustee shall faithfully discharge the trust confided to him, and shall pay over and duly account for all such sums of money as may come into his hands by virtue of such trust, which said bonds shall be approved as to the form and the sufficiency of sureties

16—Vol. 76.

by the Board of County Commissioners; and the County Commissionesrs may, from time to time, as circumstances may require, demand additional security from any such trustee." Sec. 799, Gen. Stats., 1906, Compiled Laws, 1914.

In Suburban Inv. Co. v. Hyde, 61 Fla. 809, 55 South. Rep. 76, the trustee of county bonds were designated as "a fiscal agency to assist the County Commissioners ministerially in performing their public duties, chiefly in distributing the funds derived from the sale of bonds."

Clearly a trustee of county bonds is an employee in the office of the County Commissioners who are county officers, and the statute above quoted was intended to cover and does cover such an employee of the County Commissioners. Portions of the informations referring to the accused as an officer or an officer of the county may be regarded as harmless surplusage.

"Every indictment shall be deemed and adjudged good which charges the crime substantially in the language of the statute prohibiting the crime or prescribing the punishment, if any such there be, or if at common law, so plainly that the nature of the offense charged may be easily understood by the jury.

"No indictment shall be quashed or judgment arrested or new trial be granted on account of any defect in the form of the indictment, or of misjoinder of the offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defence or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense." See 3961, 3962, Gen. Stats., 1906, Compiled Laws, 1914; Barber v. State, 52 Fla. 5, 42 South. Rep. 86; Clark v. State, 68

Fla. 433, 67 South. Rep. 135; Robinson v. State, 69 Fla. 521, 68 South. Rep. 649.

The demurrer to the information was properly overruled.

Testimony and paper documents admitted in evidence tending to show the course of conduct of the defendant in the handling of the public money by virtue of his engagement as trustee of the county bonds, were either irrelevant, but under the facts of this case harmless error, or were competent to show the act charged was intentional, and not inadvertent. Wallace v. State, 41 Fla. 547, 26 South. Rep. 713; Eatman v. State, 48 Fla. 21, 37 South. Rep. 576.

The charge of the court confined this testimony to the question of intent. Testimony relative to a demand for restitution was harmless if not admissible; and such testimony as to restitution was immaterial.

Charges in which the defendant is referred to as an officer were clearly not harmful, since he was therein specifically referred to as a trustee of county bonds, being in accord with the charge and the evidence adduced, and such trustee being within the statutory definition of the crime as alleged.

A charge relative to restitution was properly refused.

All the assignments of error properly presented have been considered, and errors, if any therein, were manifestly not harmful in view of the whole record.

Alleged errors in giving or refusing charges or instructions, and in the admission or rejection of testimony which do not weaken the effect of the admitted testimony, and which do not reach the legality of the trial itself will not be considered grounds for reversal where the evidence leaves no room for reasonable doubt of the de-

fendant's guilt. Hopkins v. State, 52 Fla. 39, 42 South. Rep. 52.

A judgment of conviction will not be reversed on writ of error even if technical errors were committed in rulings on the admissibility of evidence or in charges given or refused or in other maters of procedure, where the evidence of guilt is clear and ample and no fundamental rights of the defendants were violated, and it appears from the whole record that such technical errors, if any, were not prejudicial to the defendants. Seymour v. State, 66 Fla. 133, 63 South. Rep. 7; Kersey v. State, 73 Fla. 832, 74 South. Rep. 983.

Affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.