J. C. BLACK, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion filed March 25, 1919.

1   Where an indictmen for embezzlement under the statute is not so vague, indefinite and uncertain as to embarrass the defendant, and is sufficient to advise the defendant of "the nature and cause of the accusation against him," allegations that the embezzlement was "felonious" and "fraudulent," may be harmless surplusage.

2.   Charges favorable to a defendant may not be harmful, though technically inaccurate.

19—Vol. 77.

3. The legislation providing that proof of one fact shall constitute *prima facie* evidence of the main fact is within the general power of government to enact rules of evidence; and neither due process of law nor equal protection of the law is denied if there is a rational connection between the fact and the ultimate fact presumed, and the party affected is afforded reasonable opportunity to submit to the jury all the facts on the issue.

4. Where the Statute defining embezzlement provides that "the failure, neglect, omission or refusal of any officer to pay over or deliver" money received "for more than thirty days after the same has been collected or received, shall be *prima facie* evidence of the conversion," and there is evidence of such failure as well as positive evidence tending to show the conversion charged, the findings of the amounts unlawfully converted under the charge may be sustained.

5. Where no material errors of law or of procedure appear a judgment of conviction will be affirmed.

Writ of Error to the Circuit Court for Liberty County; E. C. Love, Judge.

Judgment affirmed.

*John H. Carter,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

WHITFIELD, J.—The indictment herein is as follows:
"In the Name and by the The Authority of the State of Florida. In the Circuit Court of the Second Judicial Circuit of the State of Florida for Liberty County, at the Spring Term thereof, in the year of our Lord One Thou-

sand Nine Hundred and Eighteen, Liberty County, to-wit:

"The Grand Jurors of the State of Florida, enquiring in and for the body of the County of Liberty upon their oaths do present that James C| Black, late of the County of Liberty aforesaid, in the Circuit and State aforesaid, laborer, on the Fifteenth day of March, in the year of our Lord One Thousand Nine Hundred and Eighteen with force and arms at and in the County of Liberty aforesaid,

"Being then and there a County officer of the County of Liberty, State of Florida, to-wit: County Tax Collector of said County of Liberty, State of Florida, and whose duty it was to collect, receive and take into his possession moneys due for taxes to the said County of Liberty, did, by virtue of said office as Tax Collector of said County of Liberty, and while such officer, to-wit, Tax Collector of said County of Liberty, collect, receive and take into his possession certain moneys due for taxes, the property of said County of Liberty, State of Florida, at divers times between the 1st day of November, A. D. 1916 and the 15th day of March, A. D. 1918, to-wit:— The sum of Five thousand seven hundred thirty-seven and 47/100 dollars, of the value of Five Thousand Seven Hundred thirty-seven and 47/100 dollars, a more particular description of said moneys /being to the Grand Jurors unknown, for and in the name of and on account of the said County of Liberty aforesaid, and the said moneys so as aforesaid coming into his possession by virtue of his said office as Tax Collector for said County of Liberty, he, the said James C. Black, then and there, to-wit, on the 15th day of March, A. D. 1919, in the County of Liberty in the Circuit and State aforesaid, did feloniously embezzle and feloniously and fraudulently

convert to his own use the said sum of Five thousand Seven Hundred thirty-seven and 47/100 dollars, of the value of Five Thousand seven hundred thirty-seven and 47/100 dollars, of the property, goods and chattels of the said County of Liberty, State of Florida, a more particular description of said moneys being to the Grand Jurors unknown.

"SECOND COUNT:

"And the Jurors aforesaid, upon their oaths aforesaid, do further present and say; that the said James C. Black, late of the County of Liberty aforesaid, in the Circuit and State aforesaid, laborer, on the 15th day of March, A. D. 1918, with force and arms at and in the County of Liberty aforesaid, being then and there a County officer of the County of Liberty, State of Florida, to-wit, Tax Collector of said County of Liberty, State of Florida, and whose duty it was to collect, receive and take into his possession moneys due for taxes to the State of Florida, in said County of Liberty, did, by virtue of said office as Tax Collector of said County of Liberty, and while such officer, to-wit, Tax Collector of said County of Liberty, collect, receive and take into his possession certain moneys for taxes as aforesaid, the property of said State of Florida at divers times between the 1st day of November, A. D. 1916 and the 15th day of March, A. D. 1918, to-wit,—the sum of One thousand nine hundred forty-two and 49/100 dollars, and the value of one thousand nine hundred forty-two and 49/100 dollars, a more particular description of said moneys being to the Grand Jurors uu known, for and in the name of and on account of the said State of Florida, and said moneys so as aforesaid coming into his possession by virtue of his said office as Tax Collector for said County of Liberty he the said

James C. Black then and there, to-wit, on the 15th day of March, A. D. 1918, in the County of Liberty, State of Florida aforesaid, did feloniously embezzle and fraudulently and feloniously convert to his own use the said sum of One thousand Nine hundred forty-two and 49/100 dollars, of the value of One Thousand nine hundred forty-two and 49/100 dollars, of the property, goods and chattels of the said State of Florida, a more particular description of said moneys being to the Grand Jurors unknown.

"Against the form of the Statute in such case made and provided, to the evil example of all others in the like case offending and against the peace and dignity of the State of Florida.

"Geo. W. Walker,

"State Attorney for the Second Judicial Circuit of the State of Florida, Prosecuting for said State."

A motion was made to quash the indictment on the grounds:

"That said indictment is vague, indefinite and uncertain, and charges facts which are insufficient in law to constitute any offense on the part of a public officer under the laws of this State.

"That the acts charged in each count, that the defendant 'did feloniously embezzle and feloniously and fraudulently convert to his own use,' etc., constitute no offense against a public officer under the laws of this State."

This motion was denied. At the trial the following verdict was rendered:

"We the jury find the defendant guilty and that he converted to his own use the sum of Five thousand seven

hundred thirty-seven dollars and forty-seven cents, of the property of the County of Liberty, as alleged in the first count of the indictment; we further find that the defendant further converted to his own use the sum of Nineteen Hundred and forty dollars and forty-nine cents of the property of the State of Florida as alleged in the second count of the indictment. So say we all, W. M. Peddie, Foreman."

A motion for new trial was denied and the following sentence was imposed: "It is considered by the Court that you, James C. Black, for your said offense, be imprisoned by confinement and hard labor in the State Prison for a period of three years to begin and run from the date of your delivery to the official of that institution, and that you do forfeit and pay to the State of Florida, for the use and benefit of the County of Liberty, the sum of Seven thousand six hundred and seventy-seven dollars and ninety-six cents, and that you pay the costs of this prosecution; and that in default of the payment of said find and costs, that you be imprisoned by confinement in the State Prison for the additional period of twelve months, to commence and run from the expiration of the other period of imprisonment hereinbefore fixed in this sentence, and you are hereby remanded to the custody of the Sheriff."

On writ of error the defendant below contends here that the trial court erred in denying the motion to quash the indictment and in denying the motion for new trial on stated grounds.

The statute upon which the indictment is predicated is as follows:

"Any State, county or municipal officer who shall:

"1.  Convert to his own use, or who shall

"2.   Secret with the intent to convert to his own use, or who shall

"3.   Withhold with intent to convert to his own use,

"(a)   Any money, property or effects belonging to or in the possession of the State, county, city or town whose duty requires him to receive said public money, property or effects; or

"(b)   Any money, property or effects of another, the duty of which officer requires him to receive said money, property or effects, shall in every such act be deemed guilty of an embezzlement of the money, property or effects so converted, secreted or withheld, and shall be punished by imprisonment in the State prison not exceeding twenty years, and by a fine equal to the value of the money, property or effect so converted, secreted or withheld.   The failure, neglect, omission or refusal of any such officer to pay over or deliver to any official or person authorized or having the right by law to receive the same, for more than thirty days after the same has been collected or received by him, shall be prima facie evidence of the conversion to one's own use, or the secreting with intent to convert to one's own use, or withholding with the intent to convert to one's own use, the said money, property or effects.   This section shall apply to any deputy, clerk or employee in any State, county or municipal office, and to all school officers."   Sec. 3317, Gen. States. 1906, Compiled Laws, 1914.

"No indictment shall be quashed or judgment arrested or new trial be granted on account of any defect in the form of the indictment, or of misjoinder of offences or for any cause whatsoever, unless the court shall be of the opinion that the indictment is so vague, indistinct and indefinite as to mislead the accused and embarrass him

in the preparation of his defence or expose him after conviction or acquittal to substantial danger of a new prosecut ion for the same offence." Sec. 3962, Gen. Stats. 1906, Compiled Laws, 1914.

Manifestly the indictment is not so vague, indefinite and uncertain as to confuse the defendant, and it is sufficient to state an offence under the quoted statute, the allegations that the embezzlement was "felonious" and "fraudulent" being mere harmless surplusage in view of the language of the quoted statute. See Crane v. State, 76 Fla. 236, 79 South. Rep. 806.

The indictment is explicit enough to advise the defendant of "the nature and cause of the accusation against him" within the requirement of Section 11, Declaration of Rights. See Clark v. State, 59 Fla. 9, text 15, 52 South. Rep. 518.

A charge of the court that to convict the evidence must show a "felonious and fraudulent conversion," was favorable to the defendant, and was certainly not harmful to him.

Legislation providing that proof of one fact shall constitute *prima facie* evidence of the main fact is within the general power of government to enact rules of evidence; and neither due process of law nor equal protection of the law is denied if there is a rational connection between the fact and the ultimate fact presumed, and the party affected is afforded reasonable opportunity to submit to the jury all the facts on the issue. Mobile, J. & K. C. R. Co. v. Turnipseed, 219 U. S. 35, 31 Sup. Ct. Rep. 136; Luria v. United States, 231 U. S. 9, 34 Sup. Ct. Rep. 10.

As the statute provides that "the failure, neglect, omission or refusal of any officer to pay over or deliver" money received "for more than thirty days after the same has been collected or received, * * * shall be prima facie evidence of the commission," and as there is evidence of such failure, as well as positive evidence tending to show the conversion charged, the criticisms of the evidence and of the sums found by the verdict to have been converted are not sufficiently founded to cause a reversal.

There were no material errors of procedure at the trial and the judgment is affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.