T. D. White, Sr., *Plaintiff in Error*, v. The State of Florida, *Defendant in Error*.

Opinion Filed July 1, 1919.

1. Duplicate tax receipts purporting to be issued by a County Tax Collector for taxes paid, upon forms prescribed and furnished to him by the State Comptroller, which forms County Tax Collectors are required to use in the performance of their public duties, may be admissible in evidence against a County Tax Collector upon a criminal prosecution for the alleged embezzlement of county taxes received by him, when such receipts purport to be signed by such Collector and bear his name as Tax Collector of the county.

2 Where the statute defining embezzlement provides that "the failure, neglect, omission or refusal of any officer to pay over or deliver" money received "for more than thirty days after the same has been collected or received, shall be prima facie evidence of the conversion," and there is evidence of such failure, as well as positive evidence tending to show the conversion charged, the findings of the amounts unlawfully converted under the charge may be sustained.

3. Receipts issued by a County Treasurer or a County Depository to a County Tax Collector showing amounts of county funds received by them from him are records required to be kept in the performance of public duties and may be admissible in evidence upon a criminal prosecution of such Collector upon a charge of the embezzlement of county taxes received by him.

4. Official registers or books kept by persons in public office in which they are required, whether by statute or by the nature of the office, to write down particular transactions occurring in the course of their public duties and under their personal observation, are generally admissible in evidence, notwithstanding their authenticity is not confirmed by the

ordinary test of truth, the obligation of an oath, and an opportunity to cross-examine the person on whose authority the truth of the document depends.

5. It is not necessary to the admissibility in evidence of an official register of this kind that a statute should expressly require it to be kept, or that the nature of the office should render it indispensable.

A Writ of Error to the Circuit Court for Washington County; D. J. Jones, Judge.

Judgment affirmed.

*John H. Carter, L. D. McRae* and *O. L. Crocker,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

WEST, J.—The plaintiff in error, T. D. White, Sr., was convicted in the Circuit Court of Washington County upon a charge of embezzlement.

The count in the indictment upon which he was tried is as follows:

"And the Grand Jurors aforesaid, empanneled and sworn, upon their oaths as aforesaid, do further present, that T. D. White, Sr., of the County of Washington and State of Florida, on the 26th day of September, A. D. 1917, in the County and State aforesaid, the said T. D. White, Sr., being then and there an officer of Washington County, Florida, to-wit, Tax Collector, whose duties required him, the said T. D. White, Sr., to receive public moneys belonging to the County of Washington, and the

property of the County of Washington, in the State of Florida, did, by virtue of his office of Tax Collector aforesaid, and while Tax Collector as aforesaid, receive and take into his possession certain public moneys, the property of the said County of Washington, to-wit, $4,689.66, of the value of $4,689.66, for and in the name of and on account of the County of Washington aforesaid; and the said money so as aforesaid coming into the possession of him the said T. D. White, Sr., by virtue of his said office as Tax Collector aforesaid, he, the said T. D. White, Sr., then and there, to-wit, on the 26th day of September, A. D. 1917, in the County and State aforesaid, did feloniously and fraudulently embezzle, and feloniously and fraudulently to his own use the said sum of $4,689.66 in money current in the United States of America, of the value of $4,689.66, the property of the said County of Washington, a more particular description of which said money is to the Grand Jurors unknown; contrary to the Statute in such case made and provided, and against the peace and dignity of the State of Florida."

He was found guilty of having embezzled the sum of $2,000.00, and thereupon was sentenced to serve a term of three years at hard labor in the State prison and to pay a fine equal in amount to the sum which he was found to have converted.

Writ of error was taken from this court.

The statute upon which the prosecution is based is Section 3317, General Statutes of Florida, 1906, reading as follows:

"Any State, county or municipal officer who shall:

"1.   Convert to his own use, or who shall

"2.   Secrete with the intent to convert to his own use, or who shall

"3.   Withhold with the intent to convert to his own use,

"(a)  Any money, property or effects belonging to or in the possession of the State, county, city or town whose duty requires him to receive said public money, property or effects; or

"(b)  Any money, property or effects of another, the duty of which officer requires him to receive said money, property or effects, shall in every such act be deemed guilty of an embezzlement of the money, property or effects so converted, secreted or withheld, and shall be punished by imprisonment in the State prison not exceeding twenty years, and by a fine equal to the value of the money, property or effect so converted, secreted or withheld.   The failure, neglect, omission or refusal of any such officer to pay over or deliver to any official or person authorized or having the right by law to receive the same, for more than thirty days after the same has been collected or received by him, shall be prima facie evidence of the conversion to one's own use, or the secreting with intent to convert to one's own use, or the withholding with the intent to convert to one's own use the said money, property or effects.   This section shall apply to any deputy, clerk or employee in any State, county or municipal office, and to all school officers."

The first contention is that there was error in overruling objections of plaintiff in error to the introduction by the State and the reception in evidence of various duplicate tax receipts covering the year 1916.   The receipts admitted in evidence are the regular official form of tax receipts furnished by the Comptroller to Tax Collectors which they are required to use and which become a part of the records of their offices.   Section 540, General Stat-

utes of Florida, 1906. The receipts are before us. They purport to be signed by the plaintiff in error as Tax Collector of Washington County. There is evidence that some of them were signed by him, and under the rule announced in the case of Branch v. State, 76 Fla. 558, 80 South. Rep. 482, such receipts were admissible in evidence.

The duty of plaintiff in error, as Tax Collector of the county, required him to receive such money and the evidence in the record is of such a nature that the jury was justified in finding therefrom that he in fact had control of the moneys received whether receipted for by him or by his office deputies. The evidence of the plaintiff in error shows this and there is evidence that he admitted a shortage in his account greatly in excess of the amount found in the verdict.

Under the statute "the failure, neglect, omission or refusal of the officer to pay over or deliver to any official or person authorized or having the right by law to receive the same, for more than thirty days after the same has been collected or received by him, shall be *prima facie* evidence of the conversion to one's own use." The defendant failed, neglected and omitted to pay over for more than thirty days the money collected by virtue of the office as alleged. The testimony affords a legal basis for a finding that the defendant had received and had not accounted for money of the county in the amount stated in the verdict. Under the statute this is *prima facie* evidence of the conversion to his own use, and such *prima facie* evidence of guilt was not rebutted. Black v. State, filed March 25th, 1919.

The receipts of the former County Treasurer and of the County Depositories showing amounts of money re-

ceived by them from time to time from the plaintiff in error as Tax Collector of the county were admissible in evidence upon the same theory that the tax receipts were admissible. The moneys receipted for were public funds. The receipts given for moneys paid into the County Treasury were records which the County Treasurer and County Depositories made in the performance of their public duties of transactions occurring, according to the evidence, under their personal observation. Branch v. State, *supra;* Johnson v. Wakulla County, 28 Fla. 720, 9 South. Rep. 690; Bell v. Kendrick, 25 Fla. 778, 6 South. Rep. 868.

There were no harmful errors in the rulings complained of and the judgment will be affirmed.

WHITFIELD AND ELLIS, J. J., concur.

BROWNE, C. J., AND TAYLOR, J., dissent.

TAYLOR, J., dissenting.—I am unable to agree with the conclusion reached by the majority of the court in this case.

At the trial the State to make out its case against the defendant offered in evidence twenty books containing duplicate tax receipts given to the divers taxpayers in the name of the defendant tax collector for the purpose of showing the moneys received by the defendant as tax collector, but the defendant's counsel objected to the introduction of any of such receipts that were not shown to be in the handwriting of the defendant or bearing his signature, upon the ground that those objected to are immaterial to the issues, irrelevant and incompetent evidence. The court overruled this objection,

to which exception was duly taken, and the ruling is assigned as error. A State witness by whom these receipts were produced in evidence had testified that he did not think that all the signatures in the pile of books containing the proposed receipts are the signatures of T. D. White, Sr. This ruling I think was reversible error.

The statute under which the indictment was found, Section 3317, General Statutes of Florida, 1906, provides that: "This section shall apply to any deputy, clerk or employee in any State, county or municipal office, and to all school officers;" and Section 542 of said General Statutes authorizes tax collectors to appoint deputies. When a receipt for money is relied upon and offered in evidence as proof of the actual reception of such money and that it came into the actual possession of the party who purported to have given or signed such receipt, it must be proved that the party who purported to have given such receipt himself actually signed it. And this rule is especially applicable in a criminal trial for the crime of embezzlement. In this case the uncontroverted evidence of a State witness showed that many of the receipts so accepted in evidence over the defendant's objection, though given in his name, were not in his handwriting, and were not signed by him. Of course, such spurious receipts were not competent evidence to prove the actual coming into his possession of the moneys named therein, and in the absence of other proof showing the actual coming into his possession of the moneys alleged to have been misappropriated by him the proof fails to justify the verdict of conviction found. People v. Blackman, 127 Cal. 248, 59 Pac. Rep. 573; State v. Carmean, 126 Iowa 291, 102 N. W. Rep. 97.

The defendant did admit that his "account was short," but this was not by any means an admission of his guilt of the crime of embezzlement. A tax collector's safe may be robbed by a burglar; in that case his "account would be short" for the amount stolen by the burglar, but if, in telling a friend about the occurrence, he should make the remark that his "account was short" for the amount stolen, could it be claimed for an instant that he was thereby an admitted embezzler? I think not. My view is that the judgment of conviction should be reversed and a new trial awarded, because the receipts admitted in evidence, many of them not signed by the defendant himself, was the only attempt at proof in the record of the amount of moneys actually received by, or that came into the possession of the defendant.

BROWNE, C. J., concurs.