O. J. McDANIEL, *Plaintiff in Error,* vs. THE STATE OF FLORIDA, *Defendant in Error.*

137 So. 702.

Division B.

Opinion filed November 13, 1931.

530

H. V. McClelland, of Blountstown, for Plaintiff in Error; Cary D. Landis, Attorney General, and Roy Campbell, Assistant, for Defendant in Error.

DAVIS, J.—In this case the plaintiff in error was convicted on the second count of an indictment charging embezzlement by a County officer and sentenced to be imprisoned in the State prison for a period of three years. He was acquitted on the first count, which is accordingly eliminated from consideration.

In the count upon which the plaintiff in error was convicted it is alleged that said O. J. McDaniel, then and there being an officer, to-wit, Sheriff of Gulf County, Florida, and as such sheriff, as part of the duties of such office, was required to collect moneys belonging to said Gulf County, did, on the 29th day of October, 1926, while acting as Sheriff of said County, in his official capacity and as a part of the duties of said office, collect and receive the sum of $147.00, which sum was collected by the said defendant as sheriff of said Gulf County in the payment of fine and costs assessed against one Mose Sanders in the County Judge's Court of said County, the said O. J. McDaniel did then and there unlawfully and feloniously embezzle and convert to his own use and benefit the said sums of money collected, the same being the property of Gulf County, Florida.

A plea in abatement attempting to set up that the list of jurors selected by the county commissioners had not been verified by affidavit as required by law, went out when the court sustained the State's demurrer thereto on the ground that the plea was vague, indefinite, uncertain and insufficient. The plea inself, embracing not more than a dozen lines, utterly failed to comply with the rules of this court as to certainty as laid down in Thomas v. State, 73 Fla. 115, 74 So. 1. As to failure to record the certificate or list of jurors, see Kerch vs. State, 15 Fla. 591, and Buchanan vs. State, 122 So. 704, 97 Fla. 1059. So there was no error in sustaining the State's demurrer thereto.

A motion to quash the indictment was overruled and the case proceeded to trial.

At the trial it was established by the evidence that one Mose Sanders, being obligated to pay a fine of $100.00 and costs following a conviction of violating the liquor law, paid to the sheriff the sum of $147.00 by the check of one R. A. Costin, who loaned him the money for that purpose. Costin produced the check in court and testified as to its having been cashed by the sheriff. The check itself was exhibited and read to the jury. Thereafter it was established by the testimony of the Clerk of the Circuit Court and by the statement and report of the Assistant State Auditor that the sum of $147.00 so collected was never accounted for by being paid over to the County Treasury. On this evidence the jury found the defendant guilty and the trial judge denied the defendant's motion for a new trial.

One of the errors assigned is that the court erred in admitting in evidence the auditor's report showing a total shortage of $1500.00, whereas only an alleged embezzlement of $100.00 in the first count and $147.00 in the second count was charged. It is contended that the admission in evidence of the entire report was highly prejudicial to the defendant and was calculated to mislead and prejudice the jury against the defendant by giving rise to a belief that

the defendant was guilty of other charges of embezzlement than that for which the defendant was being tried.

But evidence tending to connect the accused with the commission of an alleged crime is properly admitted and the fact that the evidence is found in an official report which deals with other matters than the question in issue is no ground for rejecting the evidence contained in the report which is pertinent to the charge on trial. An auditor's report is of such nature that it must necessarily be offered in evidence as a whole, or its value as evidence is largely, if not wholly, destroyed. Both items of the embezzlement alleged were referred to in the report, and therefore the reception of the report in evidence tended to prove the items charged in the indictment. Elliott vs. State, 77 Fla. 611, 82 So. 139.

At the trial the court gave the following charge to the jury which was objected to by the defendant: "The sheriff of the county is required to turn all fines and costs collected by him over to the county without deducting any part of same as his fines and commissions, and such fines and commissions as he is entitled to are then paid to him by the county after his cost bills have been approved." It is contended that this charge is misleading and does not state the law. But the only criticism we can find is in that portion which reads as follows: "and such fines and commissions as he is entitled to are then paid to him by the county after his cost bills have been approved." The reference to "fines" was probably erroneous since no fines as such are paid to the sheriff, but the use of the word "fines" in lieu of the word "costs" in this connection was not of such nature as to harm the defendant, since the defendant did not take the stand or offer any other evidence tending to prove that he was entitled to claim in his own right the money he was charged with embezzling and which he never turned over to the county as required by law.

Section 7235 C. G. L., 5152 R. G. S., makes it a felony

for a county officer, such as a sheriff, to withhold the county's money for more than thirty days, and if it is withheld with intent to convert same to his own use the statute makes the neglect or refusal of the officer to pay over the money received within thirty days thereafter *prima facie* evidence of conversion. Black v. State, 77 Fla. 297, 81 So. 411, 29 C. J. 482. The defendant offered no explanation with regard to the item he was convicted of embezzling and there is no question that the evidence produced by the State sufficiently established the fact that the defendant collected and failed to remit the item referred to in the second count. Finding no reversible error of law or procedure, and the evidence being ample to sustain the verdict, the judgment of the trial court should be affirmed.

Affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.