FRANK A. DAUGHERTY v. STATE.

197 So. 501
Division A
Opinion Filed June 28, 1940
Rehearing Denied July 30, 1940

579

*W. D. Bell* and *Louis O. Gravely,* for Plaintiff in Error; *George Couper Gibbs,* Attorney General, and *William Fisher, Jr.,* for Defendant in Error.

BUFORD, J.—To judgment of conviction of the offense of embezzlement by a county officer, writ of error brings the judgment here for review.

Plaintiff in error presents ten questions for our consideration, viz.:

1. "The information charged that the defendant on September 6, 1938, in Hendry County, as the tax collector, did collect and receive a sum of money in payment of taxes assessed against Standard Lumber Company for personal property tax and did embezzle and convert it to his own use; it being alleged that such sum of money was the property of the State of Florida (in the first count, and of Hendry County in the second count). Was the information sufficient to withstand a motion to quash?"

2. "The State filed as a bill of particulars: 'Moneys received by defendant as Tax Collector of Hendry County, Florida, for State of Florida (for Hendry County, second count) in payment of personal taxes for the year 1937 by the Standard Lumber Corporation.' Was this a proper bill of particulars?"

3. "The evidence showed that the Standard Lumber Company had been extinct and had not owned property in Hendry County for 8 years; was it error to admit in evidence testimony and exhibits with reference to any assessment against such extinct company, and of payments made by The Standard Lumber Corporation on its own property, the defendant not being charged with the receiving of money for the payment of taxes of such corporation?"

4. "May the contents of public records be proved by parol evidence?"

5. "The evidence showed that the Standard Lumber Company had not been in existence for 8 years prior to the alleged embezzlement; that another corporation, viz., STANDARD LUMBER CORPORATION mailed a check to defendant on Aug. 25, 1939, for payment of personal property tax of Standard Lumber Corporation (not of the defunct company), said check being dated Sept. 10, was deposited Sept. 6 and paid by the Bank on which given Sept. 12, in Suwannee County; and the Standard Lumber Company

owned no property in Hendry County. No part of the check given was converted by the defendant to his own use. Was the evidence sufficient to sustain a verdict of guilty?"

6. "Was it error to permit the State attorney, in the presence of the jury, to make material statements outside the evidence which were likely to do the accused injury?"

7. "Did the court err in each of the several charges to the jury as set forth on pages 16 to 150 of the transcript, made a part of this question by reference as if set forth herein *haec verba?*"

8. "A deputy sheriff entered the jury room after the jury had begun to deliberate upon their verdict, and remained four or five minutes with the door completely closed. Defendant moved for a mistrial, which motion was denied. Was this error?"

9. "In selecting a jury list was it necessary for the County Commissioners to comply with the provisions of Section 2 of Chapter 12068, Acts of 1927?"

10. "Was it necessary under Section 7253 C. G. L. for the jury to find and the court to adjudge the value of the property alleged to have been embezzled?"

As to the first question it appears that the information in this case was to all intents like the indictment which was held good in the case of McDaniel v. State, 103 Fla. 529, 137 So. 702, and, therefore, there was no error in this regard.

As to the second question the contention of plaintiff in error is contrary to the holding of the Court in the case of Craig v. State, 95 Fla. 374, 116 Sou. 272, and in Mathis v. State, 45 Fla. 46, 34 Sou. 287. Aside from this, the record shows that the State filed a sufficient bill of particulars.

There is no merit in the contention presented by the third question. The record shows that there was a personal

property assessment in the name of Standard Lumber Company while the property belonged to Standard Lumber Corporation, the corporate successor to that Company, and that Standard Lumber Corporation paid the tax so assessed without question and thereafter the defendant falsely represented to the Board of County Commissioners that the tax had not been paid and that he knew of no way to collect the same. Standard Lumber Corporation may have been in position to successfully contest the assessment but this was not done and the tax was paid. It thereupon became a part of the State and county tax funds in the hands of the tax collector and it was his duty to promptly account for and pay over the same. See McDaniel v. State, *supra.*

Question four is not supported by the record.

As to question five, we find from the record that every element of the offense charged in both counts of the information was amply established by the evidence.

The sixth question is not supported by the record because there was evidence from which the jury could reasonably conclude that the defendant had used the money involved to repay shortages of funds due to an independent taxing unit, which funds the defendant had theretofore collected and misappropriated. Therefore, the argument complained of was not improper.

As to question seven, the record shows that plaintiff in error excepted to the charges of the court to the jury in the following language: "To the giving of said several charges and opinions of the court, and each paragraph thereof, the defendant by counsel did then and there except." Counsel failed to point out to the trial court that part of the charge which he considered erroneous. See Carter v. State, 20 Fla. 754; Thomas v. State, 47 Fla. 99, 36 Sou. 161.

Aside from this, an examination of the charge considered as a whole reflects no reversible error.

As to question eight, the record shows that while the jury was in the jury room considering its verdict a request was sent to the court to allow the bailiff to bring the jury some cold drinks. This was done, the bailiff taking the cold drinks into the jury room. The record further shows that the jury did not discuss the case in the presence of the bailiff and that nothing was said by anyone about the case while the bailiff was administering to the wants of the jury in this regard. It is, therefore, affirmatively shown that no harm was done and that the defendant was not prejudiced in anywise by this occurrence. It follows, therefore, that there was no error in the court refusing to grant a mistrial because of this. See Hampton v. Van Nest Estate (Mich.), 163 N. W. 82; Williams v. Chicago N. W. Ry. Co. (S. Dak.), 78 N. W. 949; Southern Ry. Co. v. Brown (Ga.), 54 S. E. 911; State v. Bailey, 32 Kans. 83, 3 Pac. 767; State v. Aker, 45 Wash. 342, 103 Pac. 420, 18 Ann. Cas. 972. Section 2772 R. G. S., 4444 C. G. L., provides that the Circuit Judge shall draw and make up a list of not less than 250 nor more than 500 persons properly qualified to serve as jurors; while Section 4446 being Section 1 of Chapter 7840, Acts of 1919, provides that in each county which has a population of less than 6000 inhabitants according to the last preceding state census, it shall be the duty of the board of county commissioners at the time and in the manner provided by law, to select and make out a list of not less than 200 nor more than 250 persons qualified to serve as jurors. Hendry County comes within the classification of the latter statute. The record shows that the County Commissioners prepared a list of 250 names which was sufficient under the general statute and which also met the terms of the special Act.

The challenge to the array and motion to quash the venire

alleges: "The said venire is drawn from a list of persons selected by the Board of County Commissioners of Hendry County, Florida, and in making such a selection the County Commissioners wilfully failed to comply with Section 2 of Chapter 12068, Acts of 1927, or with Section 1 of Chapter 7840, Acts of 1919, Laws of Fla., in that the said board did not make out a list of not less than 250 persons properly qualified to serve as jurors, who in addition to the qualification set forth in Section 2771, Revised General Statutes of Florida as amended by Chapter 12068, Acts of 1927, Laws of Fla., were known to the said commissioners or whom they had good reason to believe were law-abiding citizens, of approved integrity, good character, sound judgment and intelligence and who were not physically or mentally infirm. And defendant avers that said list contains the names of only 249 persons; that in order to make it appear that 250 persons had been selected the said Board of County Commissioners caused to twice be placed upon the list prepared by them the name of Frank Cothern and but for the subterfuge of repeating the name of Frank Cothern on the said list there did not appear to be 250 names thereon and there were in fact only the names of 249 persons selected by said board of commissioners; and the defendant avers that the county commissioners were able at the time the selection was made to select the number of persons required by statute; that they were not authorized to select a less number; that there were in Hendry County at the time the list was made up more than 250 male persons of the required qualifications and who were then known to the commissioners and whom they had good reason to believe possessed such required qualifications, nevertheless the county commissioners wilfully failed to select the number of such qualified persons as required by law but selected a less number namely only 249 of such persons."

The State moved to strike the challenge to the array and motion to quash upon several grounds. Grounds 1, 3, 5, 6, 8, 9 and 10 are as follows:

1. "The said pleading fails to state in any way or in what manner the County Commissioners of Hendry County acted fraudulently and corruptly in selecting the said jury."

3. "Said 'Challenge to the Array and Motion to Quash' Venire shows on its face that the County Commissioners of Hendry County complied with the requirements of Chapter 4446, Compiled General Laws of Florida, 1927."

5. "The said motion fails to show and state any illegal purpose, fraud or corruption on the part of the County Commissioners."

6. "The matters and things set forth in said motion are merely the legal conclusions of the pleader."

8. "The said motion fails to state or show sufficient facts to enable the court to determine whether the defendant is seeking to quash the venire because of the failure of the County Commissioners to comply with Section 4444 or Section 4446, C. G. L. 1927, in that it does not allege that the population of Hendry County is less than 6,000 inhabitants according to the last preceding State census."

9. "The said motion does not show that there was only one Frank Cothern in the County of Hendry subject to jury duty at the time the said list was made out."

10. "The said motion does not state sufficient facts upon which this court would be justified in quashing the venire."

The motion was granted and the defendant was not allowed to amend.

The action of the court in this regard is sustained on authority of the case of Taylor v. State, 49 Fla. 69, 38 Sou. 380; Young v. State, 63 Fla. 55, 58 Sou. 188; Morley v. State, 72 Fla. 45, 72 Sou. 490; Thomas v. State, 73 Fla. 115, 74 Sou. 1.

It will be observed that there was no allegation of fraud in the selection of the jury list. Neither is there any allegation that there were not two men by the name of Frank Cothern in Hendry County.

The contention presented by question ten was directly presented to this Court in the case of Sims v. State, 54 Fla. 100, 44 Sou. 737, and there decided adversely to the contention of the plaintiff in error here.

It is not necessary to repeat what was said in the Sims case.

For the reasons stated, the judgment is affirmed.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.