## HAYES S. WOOD v. THE STATE OF FLORIDA

19 So. (2nd) 872                                         June Term, 1944
November 28, 1944                                              Division A
Rehearing denied December 22, 1944

*James M. Carson, Vincent C. Giblin* and *George S. Okell,* for appellant.

*J. Tom Watson,* Attorney General, and *John C. Wynn,* Assistant Attorney General, *Robert R. Taylor,* County Soli-

citor, and *Glenn C. Mincer,* Assistant County Solicitor, for appellees.

CHAPMAN, J.:

The appellant, Hayes S. Wood, was informed against by the County Solicitor of Dade County, Florida, in seven counts. The first count charged a felony in that he embezzled the sum of $670.65, property of Dade County when holding the office of tax collector of said County. Count two charged that Wood violated Section 839.03, Fla. Stats. 1941 (F.S.A.) by failing to make prompt payments of public money, which is a misdemeanor. The third count charged Wood with embezzling the sum of $4867.89, contrary to the provisions of Section 812.10, Fla. Stats. 1941 (F.S.A.), which is a felony. Count four charged Wood with malpractice in office, contrary to the provisions of Section 839.11, Fla. Stats. 1941 (F.S.A.. Counts five, six and seven charged misdemeanors and were *nolle prosequi* on motions of the county solicitor.

The appellant upon arraignment entered a plea of not guilty as to Counts one, two, three and four of the information. Motions of appellant to strike Counts two and four were denied. The appellant was placed upon trial before a jury on Counts one, two, three and four and, after the State rested its cause, the trial court granted a motion of the appellant for a directed verdict as to counts two and four. The jury's verdict found the appellant not guilty as to count three but guilty under count one. The trial court sentenced the appellant under count one of the information to the State prison at hard labor for a period of six months. An appeal therefrom has been perfected here.

The State of Florida, under the provisions of Sub-section (c) of Rule 11 of this Court, by cross appeal seeks here a review and reversal of the order of the trial court by which the jury was directed to find a verdict of not guilty in behalf of the appellant as to counts two and four of the information. Section 924.07, Fla. Stats. 1941 (F.S.A.), regulates and provides the order or orders that can or may be reviewed here on appeal by the State of Florida in criminal cases. Counts two and four each charged misdemeanors and appeals there-

from are reviewed by the circuit court and not by the Supreme Court. Section 11 of Article V of the Florida Constitution; Best v. State, 91 Fla. 481, 107 So. 638; Byrd v. State, 146 Fla. 686, 1 So. (2nd) 624.

Counsel for appellant pose for adjudication here the question viz: Where a tax collector is required to deliver funds collected by him within thirty days to his successor and such failure or omission or refusal is prima facie evidence of embezzlement, is such tax collector guilty of embezzlement if such collector pays and accounts to his successor such funds so charged to be embezzled within thirty days of his taking leave of office and within thirty days of the successor's appointment and qualification to succeed him? While counsel for the State submit that an answer here to the following question will be decisive of this controversy: Was the appellant guilty of embezzlement?

The appellant, prior to the filing of the information, held the office of Tax Collector of Dade County, Florida. He obtained from the Governor of the State of Florida a leave of absence from the office of tax collector of Dade County and entered the United States Navy. The leave of absence, under the Governor's order, became effective August 15, 1942, but Mr. Wood left Miami on July 29, 1942, and left Mr. Arthur J. Gucker in charge of the office of tax collector. Mr. Gucker was by the Governor on August 20, 1942 appointed acting Tax Collector of Dade County, and received his commission about August 22, 1942. The giving of the bond by Mr. Gucker and a transfer of the deposits, making arrangements with the banks, and an actual transfer of the office from Mr. Wood to the acting tax collector were concluded about August 27, 1942. It is a reasonable inference based on the testimony that Mr. Gucker became acting Tax Collector of Dade County on a date between August 22, and August 27, 1942.

Chapter 20718, Acts of 1941, Laws of Florida, authorized the Governor to grant the appellant Wood a leave of absence from the office of tax collector so that he could enter the military service of the nation. Section 1 of the Act provides, in part, "subject to the provisions and conditions hereinafter set forth, be granted leave of absence from their respective

offices and duties to perform active military service, the first *thirty days* of any leave of absence to be full pay and the remainder without pay." Thus Wood's salary continued for a period of thirty *after* the effective date of the leave of absence, to-wit, August 15, 1942, and ended September 15, 1942.

Independently of the provisions of Chapter 20718, *supra,* Section 14 of Article XVI of the Florida Constitution provides: "All State, County and Municipal officers shall continue in office after the expiration of their official terms until their successors are qualified." If Mr. Gucker qualified as acting tax collector on a date between August 22 and August 27, 1942, then the office was held by Mr. Wood until the date of Mr. Gucker's qualification, although Mr. Wood at the time was at the Great Lake Naval Station. Section 145.01, Fla. Stats. 1941 (F.S.A.), fixes the salary of Tax Collector of Dade County at the sum of $7,500.00 per annum. Section 145.02, Fla. Stats. 1941 (F.S.A.), authorizes the payment of salaries of clerks and assistants along with other necessary expenditures for the proper operation of the office.

Count one of the information charged that Wood, as Tax Collector of Dade County, on or about January 1, 1942, received the sum of $670.65, property of Dade County, and within two years prior to filing the information, the exact date being unknown, and did (a) convert the said moneys to his own use; (b) secrete the said moneys with intent to convert the same to his own use; (c) did withhold the said moneys with intent to convert the same to his own use, contrary to law, etc. The count is drawn under Section 812.10 Fla. Stats. 1941 (F.S.A.), and pertinent portions thereof are viz:

"(b) Any money, property or effects of another, the duty of which officer requires him to receive said money, property or effects, shall in every such act be deemed guilty of an embezzlement of the money, property or effects so converted, secreted or withheld, and shall be punished by imprisonment in the State prison not exceeding twenty years, and by a fine equal to the value of the money, property or effect so converted, secreted or withheld.

"The failure, neglect, omission or refusal of any such officer to pay over or deliver to any official or person authorized or having the right by law to receive the same, for more than thirty days after the same has been collected or received by him, shall be prima facie evidence of the conversion to one's own use, or the secreting with the intent to convert to one's own use, or the withholding with intent to convert to one's own use the said money, property or effects."

This Court has construed Section 812.10, *supra*, from time to time. See Daugherty v. State, 143 Fla. 578, 197 So. 501; White v. State, 78 Fla. 52, 82 So. 602; Rast v. State, 79 Fla. 772, 84 So. 683; Black v. State, 77 Fla. 289, 81 So. 411; Crane v. State, 76 Fla. 236, 79 So. 806.

It is settled law that it is the province of the jury to determine the weight of the evidence, the credibility of the witnesses, and to decide disputes and conflicts appearing in the testimony. See McDonald v. Sanders, 103 Fla. 93, 137 So. 122. We are committed to the doctrine that regardless of the heinousness of the crime one may be charged with, he is entitled to a fair and impartial trial by a jury of his peers. The trial contemplates counsel, compulsory attendance of witnesses, and time in which to prepare for trial, and steps short of these several requirements defeat the spirit of the law. See Christie v. State, 94 Fla. 469, 114 So. 450.

The burden of proof in the case at bar under the law rested on the State of Florida to establish every material allegation of count one of the information beyond a reasonable doubt before a verdict of guilty was authorized. The law presumed the defendant below (appellant here) innocent of the alleged crime with which he was charged and nothing is presumed or taken by implication against him. See Campbell v. State, 92 Fla. 775, 109 So. 809; Gass v. State, 44 Fla. 70, 32 So. 109.

The testimony discloses that the appellant received his salary as tax collector from the money in the office for the month of July, 1942, prior to his departure. He left a large number of signed checks with instructions to Mr. Gucker. These checks were subsequently filled out and delivered. Several million dollars were collected by the office in the run of the year 1942, and a large staff of employees handled

the business of the office. Appellant frequently placed his I. O. U.'s in the cash of the office. These several obligations on July 28, 1942, were changed into two checks, each signed by H. S. Wood and drawn on the First National Bank of Miami, Florida, and payable to *cash*. The conviction of embezzlement in the case at bar rests on the check for the sum of $670.65. It was presented for payment after Wood entered the service and before the acting tax collector qualified, and payment by the bank declined because Wood had no money on deposit with which to pay the check.

On August 21, 1942, the sum of $100.00 was paid and credited on the check of $670.65. On September 8, 1942, the sum of $570.65 was paid to Mr. Gucker and by him accepted as the balance due on the money due the office by the appellant as evidenced by the check signed by him. There is no dispute in the record about the time or amounts of payments supra of the $670.65 check. The simple contention here is that the payments were not made by Wood within the 30 day period provided for by Section 812.10 *supra,* and therefore the conviction of embezzlement should be sustained.

The record sustains the conclusion that the appellant was entitled to his salary as Tax Collector of Dade County from July 31, 1942, until August 15, 1942, being the effective date of the leave of absence, at the rate of $625.00 per month, and for an additional period of 30 days thereafter as provided for by Section 1 of Chapter 20718, Acts of 1941, Laws of Florida. The County of Dade, on or about September 15, 1942, was due the appellant as balance on salary the total sum of $937.50. The trial court charged the jury viz: "In all cases where one in good faith withholds money or property under claim of title in himself, he is not guilty of embezzlement, however mistaken his claim of title may in fact be."

It is contended by counsel for the State of Florida that the withholding of payment of the sum of $670.65 for a period of more than 30 days, prohibited by Section 812.10 *supra,* comes within the inhibitions of the statute and the challenged verdict and judgment should be sustained. Withholding payments of such public funds for a period of more

than 30 days by the terms of the statute is made prima facie evidence of an intention to convert. The verdict and judgment entered below rests almost entirely on the withholding of payments for more than 30 days denounced by the statute. It is our duty to consider all evidence appearing in the record pertinent and material or calculated to throw light on the intention of the appellant to convert the $670.65 to his own use.

The record on this point discloses that money was advanced, from time to time, to employees of the office from the cash on hand. One of the employees on August 21, 1942, returned $100.00· previously loaned him and this payment reduced the amount alleged to have been embezzled to the sum of $570.65. On September 8, 1942, within 30 days after the appellant ceased to hold the office of tax collector, the sum of $570.65 was paid to the acting tax collector. On September 15, 1942 Dade County was due appellant for August and September salary the sum of $937.50, which was more than necessary in amount to pay the balance due by appellant on the check. These stubborn facts, which are not disputed, are inconsistent with the State's theory of an intention to convert. Appellant stands convicted on this record for the crime of embezzlement, when it affirmatively appears that he was lawfully entitled to receive from the county as salary the sum of $266.85 in excess of the amount alleged to have been embezzled.

If the State had gone a step further in addition to the prima facie showing of embezzlement and by competent testimony established (1) a misappropriation of public moneys; or (2) a falsified record in the office or untrue record of accounts of public money; or (3) that he had approved unlawful accounts or claims against his office; or (4) that he had made false statements about the amount alleged to have been embezzled; or (5) that he had evaded or attempted to evade the law or fled the scene to escape punishment, or some other incriminating or corroborative act or statement as outlined in Vol. 18 Am. Juris. 595, par. 40, reasonably calculated to show or establish conversion of the moneys lawfully in his possession, then our duty to sustain the judgment

would have been clear and certain. The purpose of the statute here involved is to prevent any public official from using money or property coming to him in his official capacity for any purpose other than the one for which the money or property were instructed. See Rast v. State, 79 Fla. 772, 84 So. 683; Middleton v. State, 74 Fla. 234, 76 So. 785.

The judgment appealed from is hereby reversed and a new trial awarded.

It is so ordered.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.